ESTATE OF EDWARD W. CLARK, III, DECEASED, PROVIDENT TRUST COMPANY OF PHILADELPHIA, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111569. Promulgated September 10, 1943.

*Shippen Lewis, Esq.*, for the petitioner.
*Harry L. Brown, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN, *Judge:* The respondent determined a deficiency in petitioner's income tax for the year of 1939 in the amount of $2,567.72, consequent on the disallowance, *inter alia*, of two deductions claimed by petitioner: (1) salaries, fees, etc., $16,250; and (2) attorney's fees, $1,250. With respect to these items respondent stated in the statement attached to the notice of deficiency as follows:

The item of $1,250.00 paid by the Estate of Frederick Winslow Taylor to an attorney for services rendered to decedent, Edward W. Clark, 3rd, has been added to gross income of said decedent for the taxable year 1939.

The aggregate of $16,250.00, reported on the return, and the aforesaid sum of $1,250.00, i. e., $17,500.00, which was awarded to decedent for services rendered as executor of and/or trustee under the will of Frederick Winslow Taylor is included in gross income for the taxable year 1939. The provisions of section 107 of the Internal Revenue Code, added by section 220 of the Revenue Act of 1939, and Article 19.107–1 of Regulations 103, as amended, are not applicable.

The facts are as follows:

The petitioner is a duly qualified and acting administrator d. b. n. c. t. a. of the estate of Edward W. Clark, III, deceased. Its principal offices are at 17th and Chestnut Streets, Philadelphia, Pennsylvania. The income tax return for the period here involved was filed with the collector of internal revenue for the first district of Pennsylvania.

Edward W. Clark, III, was nominated executor in the will of Frederick Winslow Taylor. He was also named therein as residuary trustee. Taylor died, a resident of Philadelphia County, Pennsylvania, on March 21, 1915. Clark qualified as executor on June 11, 1915.

Clark did not file any accounts with the Orphans' Court until 1939. In that year he filed his first and final account as executor and his first account as trustee. Both were approved by the court on June 27, 1939. In confirming his executor's account the court awarded the residue of the estate, less certain costs, including "Executor's Commissions" of $17,500, to him as trustee. On August 4, 1939, the court approved two schedules of distribution. One was the distribution to Clark as trustee and the other was the distribution to Provident Trust Co. of Philadelphia as substituted trustee.

In preparing the two accounts Clark reflected the receipts and disbursements from June 11, 1915, to and including June 1, 1916, in his executor's account. Subsequent transactions were treated in his trustee account. Separate accounts were prepared and filed because all the judges of the Orphans' Court would accept two accounts but at least one judge would not accept a combined account.

Clark received payments in the amount of $17,500 in 1939. Under Pennsylvania law a person who under a will fulfills the duties of both executor and trustee is entitled to one fee. The "single commission shall be deemed as full compensation for his services in the double capacity of executor and trustee." (Penn. Act of June 7, 1917 (Fiduciaries Act, 1917) P. L. 447, sec. 45, Purdon Digest, vol. 20, sec. 813.)

During 1939 Clark paid his attorneys $1,250 for legal services rendered in opposing claims of alleged mismanagement of the trust. This sum was allowed to Clark as part of the item of $17,500 commissions.

Two issues are thus presented. The first, whether the tax payable on the amounts received by petitioner's decedent in 1939 as compensation for serving as executor and a trustee is limited by section 220 of the Revenue Act of 1939; and the second, whether petitioner is entitled to a deduction under section 23 (a) (2), as amended by section 121 of the Revenue Act of 1942, for legal expenses paid by the decedent during the taxable year for services rendered in opposing claims of alleged mismanagement as trustee.

Section 220,[1] on which petitioner relies in respect to the item of $16,250, is a special relief provision designed, according to the Senate

[1] SEC. 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

(a) The Internal Revenue Code is amended by inserting after section 106 the following new section:

"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

Report, to alleviate the tax hardship suffered by authors, playwrights, inventors and others who work for years to bring a piece of work to completion and whose income for such work is deferred until its completion.

The cited statute is not ambiguous, and, therefore, if decedent satisfied the several tests prescribed and came within the scope of the language used, the petitioner is entitled to the privilege of the limitations in computing its tax, albeit the decedent was not precisely such an individual as mentioned in the report as illustrative examples.

The services were unquestionably "personal services"; they were rendered by Clark in his individual capacity—it being noted that "in his individual capacity" is used as a part of a descriptive couplet with the alternative qualifying words "or as a member of a partnership." We attach no other special significance to the word "individual" in the phrase "individual capacity." If it be said that an executor or trustee acts in an official or representative capacity, we would reply that there is no reason expressed in the statute to believe that the word "individual" is intended to be contrasted with the word "official." Also, it should be said that, although the duties be official, the decedent acted in his "individual capacity" in performing them. The time limitation of five years is free from doubt, as is the provision that the compensation paid, or at least 95 percent of it, shall be paid only on completion of the service. Likewise clear is the provision that the compensation shall be included in the gross income of such individual for any taxable year beginning after December 31, 1938.

We believe the facts in this case satisfy every test prescribed in the statute and that the tax payable by the petitioner is limited by the provisions of the cited section. This limitation applies to the $16,250 actually earned and paid as commissions. Obviously, it does not apply to the $1,250 paid as reimbursement of expenses and discussed in the next paragraph.

Turning to the second issue, we find that the allegation of the petitioner that the $1,250 was paid to counsel for legal services rendered in behalf of decedent in opposing claims of alleged mismanagement is admitted by respondent's answer. This allegation was not amplified at the hearing and no facts as to the circumstances were developed. On this scant record we might justly disallow the item for paucity of

---

"In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning of the completion of such services, (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period."

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1938.

proof. There is, however, a further reason for the disallowance. Petitioner relies on section 23 (a) (2) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942.[2] Obviously the expense was not paid or incurred "for the production or collection of income." No income was produced by the expenditure, nor was any collected. Clearly also the fees were not paid "for the management, conservation, or maintenance of property held for the production of income." We sustain respondent's action in disallowing the item.

*Decision will be entered under Rule 50.*

---

[2] SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS.

(a) DEDUCTION FOR EXPENSES.—Section 23 (a) (relating to deduction for expenses) is amended to read as follows:

"(a) Expenses.—

\*    \*    \*    \*    \*    \*    \*

"(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

\*    \*    \*    \*    \*    \*    \*

(d) TAXABLE YEARS TO WHICH AMENDMENTS APPLICABLE.—The amendments made by this section shall be applicable to taxable years beginning after December 31, 1938.

(e) RETROACTIVE AMENDMENT TO PRIOR REVENUE ACTS.—For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section shall be effective as if they were a part of such revenue Act on the date of its enactment.