**BOWERS, Collector of Internal Revenue for State of South Carolina, v. LUMPKIN.**

**No. 5200.**

Circuit Court of Appeals, Fourth Circuit.

Feb. 4, 1944.

---

[5] International Ass'n of Machinists v. N. L. R. B., 311 U.S. 72, 82, 61 S.Ct. 83, 85 L.Ed. 50.

928

Newton K. Fox, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., and Claud N. Sapp, U. S. Atty., and Henry H. Edens, Asst. U. S. Atty., both of Columbia, S. C., on the brief), for appellant.

Pinckney L. Cain and R. B. Herbert, both of Columbia, S. C. (Thomas, Cain & Black and Herbert & Dial, all of Columbia, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit was brought by Mrs. Lumpkin to recover individual federal income taxes alleged to have been overpaid for the years 1936 and 1937. It was tried before the District Judge without a jury and resulted in a judgment for the plaintiff in the sum of $22,680.10. The taxpayer had a life interest under a trust created for her benefit by the will of her former husband in one-half of the stock of a corporation which owned valuable rights in the sale and distribution of coca cola syrup in South Carolina. She purchased the remaining stock of the corporation for $255,885 from trustees to whom it had been bequeathed to establish and maintain an orphanage. The Attorney General of South Carolina instituted an action to invalidate the sale and require the taxpayer to account for profits and the taxpayer was obliged to defend the suit in the courts of South Carolina where she finally won a decision upholding the sale. In connection with this litigation she incurred expenses of $250 in 1936 and $26,798.22 in 1937 which she deducted from gross income in preparing her income tax returns for these years. The Commissioner of Internal Revenue disallowed the deductions and assessed additional taxes and interest of $155 for 1936 and $19,187.72 for 1937, which were paid under protest and form the basis of the instant suit.

The taxpayer relies upon § 121 (a) of the Revenue Act of 1942, 56 Stat. 798, 819, 26 U.S.C.A. Int.Rev.Code, § 23(a), which amended § 23(a) of the Internal Revenue Code, 53 Stat. 12, whereby all the ordinary and necessary expenses of carrying on a trade or business were allowed as deductions from gross income. The Act of 1942 broadened the scope of allowable deductions by adding amongst others the following subsection to § 23(a):

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

This amendment was made retroactive by the following provision:

"(e) Retroactive Amendment to Prior Revenue Acts.—For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section shall be effective as if they were a part of such revenue Act on the date of its enactment." 56 Stat. 819, 26 U.S.C.A. Int.Rev.Code, § 23 note.

The purpose of this amendment was to permit deductions for certain non-trade and non-business expenses and thereby enlarge the allowable deduction for expenses which under previous revenue acts had been confined to expenses paid or incurred in carrying on any trade or business. Under the earlier statutes it had been held that investors not engaged in the investment business could not deduct expenses such as salaries, clerk hire or office rent incurred in connection with the earning or collection of taxable income, or in looking after one's own investments in stocks and bonds. See, Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783, decided February 3, 1941. To mitigate the harshness of this rule Congress in 1942 eliminated the requirement that the expenses to be deductible must be incurred in connection with a trade or business. But, as the reports of Congressional committees show, it was not the intention of Congress to remove the other restrictions and limitations applicable to deductions under § 23(a) of the act. See S.Rep. No. 1683, 77th Cong. 2d Sess., 88; H.Rep. No. 2333, 77th Cong., 2d Sess., 75.

Under § 23(a), as it was prior to the amendment, it was firmly established that legal expenses involved in defending or protecting title to property are not "ordinary and necessary expenses" and are not deductible from gross income in order to

compute the taxable net income, but constitute a capital charge which should be added to the cost of the property and taken into account in computing the capital gain or loss in case of a subsequent sale. The Treasury regulations throughout the years have consistently so provided;[1] the decisions of the courts have been to the same effect;[2] and Congress has retained the same language in repeated reenactments with this interpretation in mind.

 Hence it may not be doubted that Congress, in amending § 23 of the Internal Revenue Code by the Revenue Act of 1942, used the phrase "all the ordinary and necessary expenses" under the caption "Non-Trade or Non-Business Expenses" in the same sense and with the same limitations that it had previously used in connection with trade and business expenses. It is contended that the phrase "all the ordinary and necessary expenses" in the amendment covers more ground than it did in the original act because the amendment expressly authorizes a deduction for expenses paid "for the management, conservation, or maintenance of property held for the production of income"; and the word "conservation" is said to be particularly pertinent in the pending case where the expenses were incurred in the protection of income producing stock from adverse attack. But the term "conservation" can be given effect if it is limited to expenses ordinarily and necessarily incurred during the taxable year for the safeguarding of the property, such as the cost of a safe deposit box for securities. The term cannot be given the meaning contended for by the taxpayer without losing sight of the purpose which Congress intended to accomplish and the settled meaning that the phrase "ordinary and necessary expenses"

has been given in the administration and re-enactment of the federal income tax statutes.

Treasury Regulations 103, as amended by T.D. 5196, 1942-2 "C.B." 96, 97-100, which were promulgated to cover the 1942 amendments, preserve the established interpretation. Section 1923 (a)-15 provides in part:

"(b) Except for the requirement of being incurred in connection with a trade or business, a deduction under this section is subject to all the restrictions and limitations that apply in the case of the deductions under section 23(a) (1) (A) of an expense paid or incurred in carrying on any trade or business. This includes restrictions and limitations contained in section 24, as amended. * * *

"Capital expenditures, and expenses of carrying on transactions which do not constitute a trade or business of the taxpayer and are not carried on for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income, but which are carried on primarily as a sport, hobby, or recreation are not allowable as non-trade or non-business expenses.

* * * * *

"Expenditures incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses."

The judgment of the District Court must be

Reversed.

---

[1] Article 293 of Regulations 45 (1919 Ed.), and 62 (1922 Ed.), promulgated under the Revenue Acts of 1918 and 1921; Article 292 of Regulations 65 and 69, promulgated under the Revenue Acts of 1924 and 1926; Article 282 of Regulations 74 and 77, promulgated under the Revenue Acts of 1928 and 1932; Article 24-2 of Regulations 94 and 101, promulgated under the Revenue Acts of 1936 and 1938; Section 19, 24-2 of Regulations

103 (1940 Ed.) promulgated under the Internal Revenue Code.

[2] Jones' Estate v. Commissioner, 5 Cir., 127 F.2d 231; Murphy Oil Co. v. Burnett, 9 Cir., 55 F.2d 17, 26, affirmed 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318; Brawner v. Burnett, 61 App.D.C. 352, 63 F.2d 129, 131; Farmer v. Commissioner, 10 Cir., 126 F.2d 542, 544; Crowley v. Commissioner, 6 Cir., 89 F.2d 715, 718. Cf. Welch v. Helvering, 290 U.S. 111, 113, 114, 54 S.Ct. 8, 78 L.Ed. 212.