## DAVIS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13077.

Circuit Court of Appeals, Eighth Circuit.

Oct. 15, 1945.

Henry J. Plagens, of Kansas City, Mo. (Richard P. Jackson, Raymond C. B. Howe, Louis B. Eten, and Chadbourne, Hunt, Jaeckel & Brown, all of New York City, on the brief), for petitioner.

Robert Koerner, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, and Louise Foster, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court, determining a deficiency in petitioner's income tax for the year 1937. 4 T.C. 329.

The petitioner, who was the principal stockholder and chief officer of the Western Auto Supply Company, owned, in 1937, 168,936 shares of its new $10 par value common stock. To enable him to sell, through underwriters, 60,000 of these

shares, it was necessary to register them with the Securities and Exchange Commission. The expenses incurred by petitioner in connection with this registration amounted to $5,000. He sold, in 1937, through underwriters, the 60,000 shares at a large profit, and paid the underwriters $150,000 as commissions for their services in selling the stock. As the result of the sale of the 60,000 shares to the public, the petitioner's unsold shares (108,936) were listed upon the New York Stock Exchange, and their marketability was thereby increased. The petitioner retained his unsold stock for investment—to collect dividends and to realize gain upon subsequent sale.

The petitioner in 1937 paid his attorney $1,275 for services in connection with the preparation of tax returns and for legal and auditing services. A part of the amount was to reimburse the attorney for expenses of travel and long distance telephone calls paid on petitioner's behalf.

In his income tax return for the year 1937, the petitioner deducted the above referred to expenditures from his gross income in computing ordinary net income. The Commissioner of Internal Revenue disallowed the expenses of $155,000 paid in connection with the sale of the 60,000 shares of stock, on the ground that the expenses were not "ordinary and necessary business expenses," and applied the $155,000 in reduction of the sale price of the shares sold. The Commissioner determined that the $1,275 paid to petitioner's attorney was "a personal expense and not an ordinary and necessary business expense." The disallowance of the claimed deductions resulted in a deficiency.

The petitioner appealed to the Tax Court, asserting that "The above mentioned amounts of $5,000 and $150,000, aggregating $155,000, constituted ordinary and necessary expense paid by petitioner during the taxable year for the production or collection of income and in connection with the management of property held for the production of income, namely taxpayer's equity in the Company," and that "During the taxable year the petitioner paid $1,275 for legal services rendered in connection with the collecting of income and the management of property held for the production of income which amount was an ordinary and necessary expense."

The applicable statute is § 23(a) of the Revenue Act of 1936, as retroactively amended by § 121(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798, 819, 26 U.S. C.A. Int.Rev.Code, § 23(a). So far as pertinent, § 23(a), as amended, authorized the following deductions from gross income:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

* * * * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

Before the Tax Court, the petitioner's contention was, as it is here, that § 23(a) (2) authorized the dedication of the expenses paid by him in connection with the sale of his 60,000 shares of stock, since those expenses were reasonable in amount and were incurred in order to produce the profit realized from the sale and to enhance the value of his retained shares. See Bingham Trust v. Commissioner, 325 U.S. —, 65 S.Ct. 1232, 1235.

The Tax Court said at page 334 of 4 T.C.:

"* * * The purpose of section 23(a) (2), supra, was to relieve from the harshness of the rule announced in Higgins v. Commissioner, 312 U.S. 212 [61 S.Ct. 475, 85 L.Ed. 783], and other cases of like import. It was intended to give a deduction for ordinary and necessary expenses to one not engaged in carrying on a business, limited, however, to the extent set forth in this subsection and under circumstances where such expenditures would be allowable to one engaged in carrying on a trade or business. It was not intended, however, to go any further, as the following quotation from the Congressional Reports states. [Senate Finance Committee Report 1631, 77th Cong., 2nd Sess., 1942-2 C.B., pp. 504, 571, and Ways and Means Committee Report 2333, 77th Cong., 1st Sess., 1942-2 C. B. pp. 372, 430.]

"'A deduction under this section is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limita-

tions that apply in the case of the deduction under section 23(a) (1) (A) of an expense paid or incurred in carrying on any trade or business. * * * '

"We think it clear that Congress had no intention of changing the language of this section as construed by the Treasury Regulations, which construction before 1942 had received the approval of the Supreme Court. In other words, the treatment of the selling commissions as an offset against the sale price and not deductible as an ordinary and necessary expense, except to dealers, was not to be disturbed.

"It has already been decided that section 23(a)(2) did not change the rule that expenses incident to the protection of title to property are not deductible, but are to be treated as capital expenditures, thus recognizing that expenditures under this new subsection are not to be given a broader interpretation than under section 23(a) (1). We think that such items as are not deductible as ordinary and necessary expenses under section 23(a) (1) may not be deducted as ordinary and necessary expenses under section 23(a) (2). Bowers v. Lumpkin, 4 Cir., 140 F.2d 927 [151 A.L.R. 1336.]

"The expenditure of $5,000 for registration of the securities with the Securities and Exchange Commission, under the circumstances here present, is in the nature of a selling cost and requires the same treatment as has been accorded the commissions. Motion Picture Capital Corporation v. Commissioner, 2 Cir., 80 F.2d 872."

The selling expenses which the petitioner sought to deduct, had they been paid or incurred in carrying on a business, would not have been deductible from gross income, under § 23(a) (1) (A), as "ordinary and necessary expenses," but would have constituted deductions from the proceeds of sale. Spreckles v. Commissioner, 315 U.S. 626, 628–630, 62 S.Ct. 777, 86 L.Ed. 1073. We agree with the Tax Court that Congress did not intend to permit an individual to deduct from gross income, as ordinary and necessary expenses, under § 23(a) (2), selling costs of a kind which would not be deductible as business expenses under § 23(a) (1) (A). In our opinion, to be deductible under § 23(a) (2), the expenses must be such as would, if incurred in carrying on a business, be proper deductions under § 23 (a) (1) (A), and must have been paid or incurred "for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income." See Helvering v. Stormfeltz, 8 Cir., 142 F.2d 982, 984, 985, and Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 151 A.L.R. 1336, certiorari denied, 322 U.S. 755, 64 S.Ct. 1266, 88 L.Ed. 1585.

The Supreme Court in Bingham Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 1237, said: "* * * Section 23(a) (2) is comparable and in pari materia with § 23(a) (1), authorizing the deduction of business or trade expenses. Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. Kornhauser v. United States, supra, 276 U.S. [145], 152, 153, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner v. Heininger, supra, 320 U.S. [467], 470, 471, 64 S.Ct. [249], 88 L.Ed. 171. The effect of § 23(a) (2) was to provide for a class of non-business deductions coextensive with the business deductions allowed by § 23(a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. McDonald v. Commissioner, supra, 323 U.S. [57], 61–62, 66, 65 S.Ct. 96, 97, 98, 100 [155 A.L.R. 119]; and see H.Rep. No. 2333, 77th Cong., 2d Sess., pp. 46, 74–76; S.Rep. No. 1631, 77th Cong., 2d Sess., pp. 87–88."

With respect to the $1,275 paid to petitioner's attorney for legal services and expenses, the Tax Court, in effect, determined that the evidence was insufficient to justify a finding that any part of it was proximately related to the production or collection of income, or the management, conservation, or maintenance of property held for the production of income. There is no basis in the record for concluding that this determination by the Tax Court was induced by any error of law or was not a permissible conclusion. The burden was upon the petitioner to prove that this claimed deduction was within the statute. New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348.

The decision of the Tax Court is affirmed.