## COMMISSIONER OF INTERNAL REVENUE v. HEIDE.

### No. 86, Docket 20692.

Circuit Court of Appeals, Second Circuit.
Jan. 2, 1948.

---

George D. Stinson, of New York City, Theron Lamar Caudle, Asst. Atty. Gen., Helen R. Carloss, Robert N. Anderson and Melva M. Graney, Sp. Assts. to the Atty. Gen., for petitioner.

Francis P. Pomar, and Myles B. Amend, both of New York City, for respondent.

Before L. HAND, CHASE and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The Commissioner appeals from an order of the Tax Court—reviewed by the court en banc—expunging a deficiency in income tax, assessed against Heide, the taxpayer, for the year, 1943. The question is whether the amendment of 1942 to § 23(a) (2) of the Internal Revenue Act,[1] permits the deduction of a sum of money, paid by the taxpayer in 1942 under the following facts which were stipulated. Heide was one of four trustees in each of four trusts, created by his father: one for each of his four sisters. The trusts were set up in 1914 and until 1938 the trustees had never taken any commissions or had their accounts passed by a court. On November 25, 1937, the trustees began four proceedings in the state court to pass their intermediate accounts up to the end of 1938, and to fix their commissions; and later these proceedings were extended so as to be final and discharge them as trustees. Remaindermen and special guardians for infants and incompetents filed objections to the accounts, alleging that in some instances securities had been improvidently and negligently exchanged, or had been negligently held after depreciation and default; and also complaining of the way in which the trustees computed their commissions. The court referred the issue to a referee, who held "protracted hearings," but before whom the parties eventually settled their controversies by a stipulation which the court approved, under which the trustees were to resign, to abandon any claims for commissions and to pay $3,000 to the corpus of each trust. Accompanying this stipulation, the referee filed an opinion, in which, although he acquitted the trustees of any lack of "probity" or "integrity," he declared that on the evidence, so far taken (900 pages), he was unable to decide whether or not they had been negligent in the sense that they had made themselves personally liable. The Tax Court—three judges dissenting—held that the case fell within the ruling of the Board of Tax Appeals in Re Abbott,[2] when read in the light of what the Supreme Court had said in Bingham's Trust v. Commissioner.[3] Unlike the taxpayer now at bar, Abbott had been a trustee by profession, and the Board held that under the first subsection of the statute[4] a surcharge against him for innocent mismanagement of the trust was an "expense" incurred in his profession or business. In Bingham's Trust v. Commis-

---

[1] § 23(a) (2), Title 26 U.S.C.A. Int. Rev.Code.

[2] 38 B.T.A. 1290.

[3] 325 U.S. 365, 65 S.Ct. 1232, 1237, 89 L.Ed. 1670, 163 A.L.R. 1175.

[4] § 23(a) (1), Title 26 U.S.C.A. Int. Rev.Code.

sioner, supra,[3] the majority of the court said that the second subsection of the statute[5] had added "a class of non-business deductions co-extensive with the business deductions" allowed in the first subsection, conditional only upon their being "incurred for the production of income or in the management or conservation of property held for the production of income"; and from this the Tax Court thought it followed that the surcharges in the case at bar "were directly connected with 'the production or collection of income,' as those terms are used in the statute."[6] Judged by a part of the opinion it is not entirely clear that the Tax Court did not also think that the surcharges were incurred "for the management, conservation or maintenance of property held for the production of income"; but, since it does not appear to us that the considerations governing that clause—if it does apply—differ from those governing the other, we do not decide that question.

Bingham's Trust v. Commissioner, supra,[7] did indeed hold that the two subdivisions of the section were "coextensive," save for the words added to the second; and we need not necessarily disagree with the Board's decision in Re Abbott, supra.[8] Perhaps, when a man goes into the business of being a trustee, the occasional restoration of funds under his care, made necessary because of sporadic neglects, may be "necessary expenses" incurred in "carrying on" the business. That they are "incurred" in carrying it on is true enough; and, although it seems strange to think of them as "necessary," conceivably that may be permissible; such a business by hypothesis involves a number of separate trusts and some mistakes are probably inevitable. In the case

at bar however, it is not enough that the expense be incurred in carrying on the trust; it must be necessary to "the production of income," or possibly to the "management, conservation, or maintenance" of the fund, and it seems to us impossible to regard it as such. True, restoration does become necessary, once the fund has been depleted; but obviously that cannot be the test, else it would cover deliberate invasions, which nobody maintains. The depletion itself must be necessary to the production of the income, or the management of the trust, and that it cannot be, unless we hold that, when one who engages to become a trustee and fails in his duty, his failure is "necessary" to the discharge of his office: surely, it takes hardihood to suppose that, when Congress chose that word, it meant to subsidize delinquent trustees in this way. Delinquent they are; for, although they undertake no more than reasonable care in the circumstances,[9] by hypothesis they have failed even in that. The purpose of the provision, which applies to all sorts of income, is apparent; without it a person receiving income would be charged with his gross receipts, and would not be allowed to set off the expenses without which those receipts would not come to hand at all. That was an injustice comparable with charging the "amount realized" upon a capital gain and refusing to credit the "basis." But the expenses so deducted should not be within the power of the taxpayer to avoid; they should result from conditions which stand in the path of his "producing" the income at all, they should not be such as he interposes himself, as little so, when his attention has flagged as when he has been deliberately unfaithful to his trust.

Order reversed; assessment restored.

---

[5] § 23(a) (2), Title 26 U.S.C.A. Int. Rev.Code.

[6] Heide v. Commissioner, 8 T.C. 314, 319.

[7] 325 U.S. 365, 65 S.Ct. 1232, 89 L. Ed. 1670, 163 A.L.R. 1175.

[8] 38 B.T.A. 1290.

[9] Restatement of Trusts, § 176.