## COMMISSIONER OF INTERNAL REVENUE v. JOSEPHS.

### No. 13626.

Circuit Court of Appeals, Eighth Circuit.

May 20, 1948.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Helen R. Carloss, Robert N. Anderson and Melva M. Graney, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

H. A. Dancer, of Duluth, Minn., for respondent.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This case presents the question whether respondent taxpayer was entitled to certain deductions claimed by him in his income tax return for the year 1941. The deductions claimed were $10,000 paid by respondent as his share in the settlement of suits in which he and his co-administrator were charged with mismanagement of an estate and $1,500 for attorneys' fees paid in connection with the litigation. The Commissioner denied the deductions and determined a deficiency in respondent's income tax. On review by the Tax Court the deductions were allowed as claimed, and the deficiency determined by the Commissioner was expunged.

Before the Tax Court the respondent contended that the deductions were proper either as ordinary and necessary business expenses under the provisons of section 23(a) (1), or as non-business expenses under section 23(a) (2) of the Internal Revenue Code, as amended, 26 U.S.C.A.Int. Rev.Code, § 23(a) (1) and (2).[1] The Tax Court held that the deductions were allowable under 23(a) (2) of the Internal Revenue Code on the ground that they were "paid or incurred during the taxable year for the production or collection of income." Having reached the conclusion stated, the Tax Court found it unnecessary to decide whether respondent was entitled to the deductions as ordinary and necessary business expenses under the provisions of 23 (a) (1).

■ We are of the opinion, in which the parties concur, that whether the claimed deductions were allowable as expenses "paid or incurred * * * for the production or collection of income" is reviewable by this court, since there is involved only the meaning of applicable statutory language "unembarrassed by any disputed question of fact or any necessity to draw an inference of fact from the basic findings" of the Tax Court. Trust of Bingham v. Commissioner, 325 U.S. 365, 371, 65 S.Ct. 1232, 1235, 89 L.Ed. 1670, 163 A.L.R. 1175; Crane v. Commissioner, 331 U.S. 1, 15, 67 S.Ct. 1047, 91 L.Ed. 1301; McWilliams v. Commissioner, 331 U.S. 694, 703, 67 S.Ct. 1477, 91 L.Ed. 1750, 170 A.L.R. 341; Helvering v. Stormfeltz, 8 Cir., 142 F.2d 982, 985; Rassenfoss v. Commissioner, 7 Cir., 158 F.2d 764, 765; Hochschild v. Commissioner, 2 Cir., 161 F.2d 817, 818; see also Davis v. Commissioner, 8 Cir., 151 F.2d 441; and Commissioner of Internal Revenue v. Heide, 2 Cir., 165 F.2d 699.

The facts as found by the Tax Court are as follows: In May 1930 the respondent and two others were appointed administrators of the estate of Ignatz Freimuth, deceased. The estate consisted chiefly of a retail department store in Duluth, Minnesota, but included also real estate, stocks, bonds, and cash. Shortly after their appointment the administrators formed a Delaware corporation to which they transferred the estate's assets in exchange for the capital stock of the corporation. Respondent served as a director of the Delaware corporation for about three and one-half years and until the administrators formed a Minnesota corporation, to which the assets of the Delaware corporation were transferred. The common stock of the Minnesota corporation was issued to the administrators, but respondent was neither a director nor officer of this corporation. Details of the operation of the Minnesota corporation were left to one of the respondent's co-administrators, Dav-

---

[1] "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held . for the production of income."

id Freimuth, a son of Ignatz Freimuth. Respondent apparently served in an advisory capacity in the management of the estate.

In December 1939 some of the heirs of Ignatz Freimuth filed a petition in the State Probate Court objecting to the manner in which the estate was being administered and asking for an accounting and other relief. At that time respondent advised the attorney employed to close the administration of the estate that he would forego compensation as administrator if his waiver would aid in the settlement of the controversy with the heirs.

In March 1940 respondent and his co-administrator filed an accounting of their administration in the State Probate Court.[2] Some of the heirs filed objections to the accounting, charging misconduct and waste on the part of the administrators. In August 1940 the administrators filed a final accounting of their administration in the State Probate Court. The heirs who had objected to the previous accounting renewed their charges of misconduct and waste. The final accounting of the administrators was approved by the Probate Court. The dissatisfied heirs appealed to the State District Court.

In February 1941 the heirs commenced an independent action in the State District Court against the administrators and others charging mismanagement of the estate by the administrators and praying for damages. The defendant administrators' demurrer to the complaint in this action was sustained. The heirs appealed to the Supreme Court of Minnesota.

In 1941, while both appeals were pending, the parties to the litigation reached an agreement for settlement. The pending appeals were dismissed; the final accounting of the administrators approved; and respondent paid $10,000 for full release from all liability asserted against him in the suits brought by the heirs, and, in connection with the litigation, incurred and paid attorneys' fees of $1,500. Apparently respondent also released his claim for compensation as administrator as a part of the settlement of the litigation.

Respondent is a responsible and solvent business man in Duluth, not connected in any way with the business of Ignatz Freimuth, and under no obligation or duty to serve as administrator of the estate. He accepted his appointment as administrator at the request of the heirs, with the understanding and on condition that he would receive compensation for his services.

The Tax Court based its decision that the deductions claimed by respondent were allowable because "paid or incurred * * * for the production or collection of income" squarely upon its interpretation of the Bingham case 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175, saying:

"While it is true that the new statute [section 23(a) (2)] was interpreted rather strictly in the first two or three years following its enactment (see, for example, Estate of Edward W. Clark v. Commissioner, 2 T.C. 676, and Stoddard v. Commissioner, 2 Cir., 141 F.2d 76), in 1945 the Supreme Court decided Bingham's Trust v. Commissioner * * * pointing out that section 23(a) (2) is comparable and in pari materia with section 23(a) (1); that section 23(a) (2) provides for a class of nonbusiness deductions co-extensive with the business deductions allowed by section 23(a) (1), except that the taxpayer need not be engaged in trade or business; and that the principle of Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, applicable to section 23(a) (1)—i. e., that the expense be directly connected with or proximately result from the conduct of the business—is likewise applicable to those activities which fall within section 23(a) (2). * * *

"In the instant case it cannot be gainsaid that the expenses in question would be deductible under section 23(a) (1) if the taxpayer's activities as administrator amounted to the carrying on of a trade or business. John Abbott v. Commissioner, 38 B.T.A. 1290. * * * Certain it is that petitioner entered upon his office as administrator with the expectation of realizing income and that the expense payments in question were a direct result of his activity as administrator."

---

[2] The third administrator died pending the administration, and a successor was never appointed.

■ It is impossible to believe that the expenses of respondent in this case were such as ordinarily and necessarily result from the activities of a fiduciary. Even if we may agree with the Tax Court that the expenses in question directly resulted from respondent's activities as administrator, we think it does not follow from that fact alone that the expenses were also paid or incurred for the production or collection of income, nor, in our opinion, does the decision in Trust of Bingham v. Commissioner, supra, compel that conclusion. Commissioner of Internal Revenue v. Heide, supra, reversing Heide v. Commissioner, 8 T.C. 314.[3]

The Bingham case did not hold that 23 (a) (2) provides for a claim of non-business deductions co-extensive with the business deductions allowed by 23(a) (1) "except [as we understand the Tax Court to say] that the taxpayer need not be engaged in a trade or business." On the contrary, the Bingham case holds that the two sections are co-extensive, except that to be allowable under the second the deductions must be either (1) ordinary and necessary expenses paid or incurred for the production or collection of income, or (2) ordinary and necessary expenses paid or incurred for the management, conservation, or maintenance of property held for the production of income. 325 U.S. at pages 373, 374, 65 S.Ct. 1232; Commissioner of Internal Revenue v. Heide, supra, 165 F.2d at page 701.

In the Bingham case the court was dealing with the second or management class of deductions allowable under 23(a) (2), and it was in connection with this class of non-business expenses that the court said that it was sufficient for allowance that the expenses were directly connected with the conservation or maintenance of property held for the production of income; and that it was not required that the expense also be incurred or paid for the collection or production of income. 325 U.S. at pages 374, 375, 65 S.Ct. 1232. It is not enough that an expense be paid or incurred in connection with an income-producing activity in order to fall within the first class of deductions allowed by 23(a) (2); as plainly provided by the statute, the expense must be necessary to and paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Commissioner of Internal Revenue v. Heide, supra; Davis v. Commissioner, supra, 151 F.2d at page 443.

The facts in the Heide case are not distinguishable from those in the present case. Heide was one of four trustees in each of four trusts. The trustees began proceedings for termination of the trusts and for their discharge. The remaindermen and others interested filed objections to the accounts of the trustees charging mismanagement of the trust estates. In the settlement of this controversy the trustees resigned, abandoned their claims for

---

[3] The effect on Tax Court's decisions of its interpretation of the Bingham case is illustrated by a comparison of Abbott v. Commissioner, 38 B.T.A. 1290, and Estate of Edward W. Clark v. Commissioner, 2 T.C. 676, decided before the Bingham case, with this case and Heide v. Commissioner, 8 T.C. 314.

In the Abbott case, an attorney, a large part of whose business consisted of serving for pay as a trustee of numerous trusts, was in the course of this business required to pay $10,000 in settlement of an alleged liability for mismanagement of the trust estates. The Tax Court held the payment an allowable deduction under section 23(a) (1) as an ordinary and necessary business expense. It declined to follow the cases relied on by Commissioner in support of the opposite holding, on the ground that the payments

made by the taxpayers in those cases were in settlement of liabilities incurred in an isolated fiduciary capacity which did not amount, as in the Abbott case, to a trade or business regularly carried on.

In the Clark case one question was whether the expense of a taxpayer paid in opposing a claim of alleged mismanagement of an estate of which he was trustee was deductible as an ordinary and necessary non-business expense under section 23(a) (2). The Tax Court said that obviously the expense was not paid or incurred for the collection of income, nor for the management, conservation, or maintenance of property held for the production of income.

In the Heide case, as in this case, the Tax Court reached exactly the opposite conclusion.

compensation, and paid $3,000 to each trust estate. Heide claimed his share of the payments as a non-business expense allowable under 23(a) (2). The Commissioner disallowed the deduction and determined a deficiency which the Tax Court expunged, holding, as in the present case, on the supposed authority of the Bingham case, that since the payments made by Heide directly resulted from his activity as trustee, an income-producing activity, the expenditures were allowable under 23(a) (2) as paid or incurred for the production or collection of income. On review by the Second Circuit the decision of the Tax Court was reversed. It was held that, to be allowable under 23(a) (2), it was not enough that an expense be incurred in carrying on the trust; that, to be allowable as incurred for the production or collection of income, the expense must be one resulting "from conditions which stand in the path of" [165 F.2d 701], the production of income.

The respondent contends that, even if we should hold the Tax Court in error in the conclusion it reached in the present case, its decision nevertheless should be affirmed on the rule that in a review of judicial proceedings the decision below if correct should be sustained, although the lower court relied upon the wrong ground or gave the wrong reason. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224. The argument is that respondent was entitled to the deductions claimed under 23(a) (1) as ordinary and necessary expenses paid or incurred in carrying on a business.

The rule relied on is firmly established, and on the facts in the Gowran case it was held applicable in the review of the decision of the Tax Court. But there are insuperable difficulties in the way of its application in the present case. "To determine whether the activities of a taxpayer are 'carrying on a business' requires an examination of the facts in each case." Higgins v. Commissioner, 312 U.S. 212, 217, 61 S.Ct. 475, 478, 85 L.Ed. 783. The Tax Court has not examined the facts in the present case to determine whether respondent was in fact carrying on a trade or business while acting as administrator. That the Tax Court may have the op-portunity to make that determination, we think the case should be remanded for further proceedings.

Reversed and remanded.

SANBORN, Circuit Judge (dissenting). My understanding is that the Tax Court holds that a fiduciary, entitled to compensation for his services, who settles a dispute with the beneficiaries of his trust over his management of the trust estate, can, in his income tax return, take a deduction for the amount paid in settlement; that § 23 (a) (1) authorizes the taking of such a deduction by a professional fiduciary, and that § 23(a) (2) authorizes the deduction in the case of a casual fiduciary.

It is true that if the taxpayer's payment to the beneficiaries of his trust in the instant case is to be taken as an admission that he had mismanaged the trust estate and was obligated to make restitution, this case cannot be distinguished from the case of Commissioner of Internal Revenue v. Heide, 2 Cir., 165 F.2d 699. Apparently what is held in that case is that a casual fiduciary who has mismanaged a trust estate and is liable to make restitution, cannot take a deduction for what he pays in settlement of his liability, because the expense is avoidable, the fiduciary is to blame for it, and it is not such an expense as was intended to be covered by § 23 (a) (2). But in the instant case the Tax Court has made no finding that the taxpayer mismanaged the trust estate, and, obviously, this Court may not find or assume that he did. A compromise of a dispute does not establish the rights or liabilities of the parties to it, but merely puts an end to their controversy. See Waltz v. Ellinghouse, 8 Cir., 165 F.2d 596, 601-603 and cases cited.

The taxpayer here, as an administrator, participated in the conduct of a family business belonging to the estate of the head of the family, who had, apparently, successfully built and managed the business. As is not unusual in such situations, the conduct of the trust estate ended in a family row in which the taxpayer, as a fiduciary, was involved. He bought his way out. The cost to him of the settlement grew out of his activities as a fiduciary, entered into

for the production of income but which resulted in a substantial loss.

In Trust under the Will of Bingham v. Commissioner, 325 U.S. 365, 373, 374, 65 S.Ct. 1232, 1237, in reversing the Court of Appeals of the Second Circuit, which had ruled that certain expenses of trust management (held by the Tax Court to be deductible) were not deductible under § 23 (a) (2), the Supreme Court said:

"* * * Section 23(a) (2) is comparable and in pari materia with § 23(a) (1), authorizing the deduction of business or trade expenses. Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. Kornhauser v. United States, supra, 276 U. S. [145], 152, 153, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner [of Internal Revenue] v. Heininger, supra, 320 U.S. [467], 470, 471, 64 S.Ct. [249], 252, 88 L.Ed. 171. The effect of § 23(a) (2) was to provide for a class of non-business deductions co-extensive with the business deductions allowed by § 23(a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. McDonald v. Commissioner, supra, 323 U.S. [57], 61, 62, 66, 65 S.Ct. 96, 97, 98, 100 [89 L.Ed. 68, 155 A.L.R. 119]; and see H.Rep. No. 2333, 77th Cong., 2d Sess., pp. 46, 74–76; S.Rep. No. 1631, 77th Cong., 2d Sess, pp. 87, 88."

This language would seem to justify the conclusion of the Tax Court in the instant case that a casual fiduciary may take the same deductions under § 23(a) (2) that a professional fiduciary may take under § 23 (a) (1).

Whether the items of expense in suit here were of a character which could properly be deducted by a professional fiduciary under § 23(a) (1), and therefore by a casual fiduciary under § 23(a) (2), was, I think, a question for the Tax Court, under Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248. Since I can find

nothing irrational or illogical in the Tax Court's conclusion that a professional fiduciary and a casual fiduciary stand upon an equal footing so far as the taking of deductions under § 23 (a) is concerned, and that expenses such as those in suit are deductible, I would affirm.