COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Valentine E. MACY, Jr., Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

J. Noel MACY and Elena Kohler Macy, Respondents.

Nos. 178 and 179, Docket 22876 and 22877.

United States Court of Appeals Second Circuit.

Argued May 12, 1954.

Decided Sept. 21, 1954.

H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and I. Henry Kutz, Sp. Assts. to the Atty. Gen., for petitioner.

Humes, Smith & Andrews, New York City (William H. Hall and George W. Saam, New York City, of counsel), for respondents.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

HINCKS, Circuit Judge.

On March 31, 1930, V. Everit Macy died testate. On April 2, 1930, the Surrogate's Court of Westchester County, New York, where he was domiciled, issued letters testamentary to his two sons, Valentine E. Macy, Jr., J. Noel Macy, who are taxpayers responding to the petition now before us, and to Carleton Macy, the decedent's cousin. These three were named as executors under his will and as trustees of the "residuary" trusts created by paragraph Eleventh of the will. The executors, after promptly qualifying, took over the management of the estate. They made their first distribution to the residuary trusts in January, 1936, which was followed by supplemental distributions each year up to and including 1942.

On May 28, 1942, the three fiduciaries filed their first and final account as executors and a trustee's account for the period from January, 1936, to 1942 with a petition praying for a judicial settlement of the accounts. The Surrogate then appointed a special guardian to represent nine infants who were contingent beneficiaries of the residuary trusts. This guardian, in support of contentions that the fiduciaries should be compelled to restore large sums to the estate and trusts, filed nu-

merous objections to the accounts of both of the executors and trustees which were referred to a referee who held hearings thereon from July, 1943, to December, 1944. At the conclusion of the hearings, at the suggestion of the referee, discussions as to a possible settlement of the expensive controversy were had as a result of which an agreement was reached whereby the fiduciaries were to pay in the aggregate $1,025,000 to the principal of the three residuary trusts, of which Valentine Macy was to contribute $325,000 and J. Noel Macy $400,000. This agreement was entered into by the fiduciaries "without prejudice or any admission whatsoever as to their liability for surcharge as to any of their acts as executors and trustees but solely in the interest of terminating long, difficult and expensive litigation involving numerous difficult legal questions." The agreement was submitted to the Court for approval in a report by the Referee which stated: "It was not claimed that bad faith, improper motive or dishonesty was involved in the administration of the estate, and the Referee certifies to the Court that there was no evidence submitted that would justify a finding that there was bad faith, improper motive or dishonesty."

Pursuant to the agreement the accounts were settled by the stipulated payments. Thereafter, each of two taxpayers, in their respective income tax returns for 1945, deducted the payments thus made as a business expense. The deductions were disallowed by the Commissioner who assessed against each a deficiency which each contested by petition to the Tax Court. The Tax Court, on findings of fact and an opinion by Judge Turner, found no deficiency in each case, 19 T.C. 409, and these decisions were reviewed by the Court, sitting *en banc*. The cases are here on petitions of the Commissioner to review those decisions.

In the Tax Court the Commissioner maintained that the payments were not, as the taxpayers contended, allowable deductions under I.R.C. Sec. 23(a) (1) (A), 26 U.S.C.A. § 23(a) (1) (A), because not "paid or incurred * * * in carrying on any trade or business," as the statute required. However, he does not now dispute the adverse finding on that issue by the court below and consequently we have no occasion to review the decision on that point. He does, however, persist in his contention that the payments were not "ordinary and necessary expenses paid * * *" in carrying on the taxpayers' business within the meaning of Sec. 23 (a) (1) (A).

The finding of the underlying facts, as made below, was necessarily voluminous. 19 T.C., at pages 410 to 438. It has not been questioned here and there is no need to repeat or summarize it. We accept it as printed in the reports of the Tax Court. Before us, the Commissioner points out that "Findings of Fact" do not contain an express "finding" that the expenses were ordinary and necessary; and that at the close of the ensuing opinion it was said: "In harmony and in keeping with the pronouncements in the cases discussed above, we conclude and hold that the payments constituted ordinary and necessary expenses incurred by the petitioners within the meaning of section 23(a) (1) (A)." From this he contends that the vital decision was one of law, not one of fact. In this we think him overtechnical. The "findings" contained all the relevant underlying facts. And the ultimate fact that the expenses were ordinary and necessary is no less a fact because stated in the opinion instead of in the "findings" as it might have been. But the ultimate fact thus found, especially since it is a fact mixed with questions of law arising from the interpretation of the applicable statute, he is of course free to contest on this review although the finding of the underlying facts is not questioned.

We think that the evidence sufficiently supports the ultimate finding and that the opinion is right in holding that the finding is in accord with Section 23(a) (1) (A). For this holding, we think the court below rightly relied

on decisions by the Supreme Court notably in Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, and Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171. The holding is further supported by our own decision in C. Ludwig Baumann & Co. v. Marcelle, 2 Cir., 203 F.2d 459; also by Helvering v. Hampton, 9 Cir., 79 F.2d 358, which was cited with apparent approval in Commissioner v. Heininger, supra, 320 U.S. at page 472, 64 S.Ct. 249. The holding is not in conflict with Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; indeed, the opinion in that case lends solid support for the finding that the expenses here involved were "ordinary" within the meaning of the statute. Many other supporting cases could be cited.

The Commissioner relies principally on our former holding in Commissioner of Internal Revenue v. Heide, 165 F.2d 699. That was a case involving a claimed deduction for a *non-business* expense under Section 23(a) (2). Whatever was there said about deductions for *business* expenses under Sec. 23(a) (1) was dictum and even the *dictum* recognized that if the taxpayer there had been carrying on a business, it might "conceivably" have been "permissible" to find the payments (which were made under circumstances somewhat similar to those disclosed here) to be "ordinary and necessary". Thus the finding here that the payments were ordinary and necessary in carrying on a business of the taxpayers did not collide with unequivocal *dictum* in the Heide case: the only *dictum* therein was expressed in

language neither unequivocal nor dogmatic.

The Commissioner contends, however, that the Heide holding, that the finding below was not permissible under Section 23(a) (2), must in principle control the finding made in the instant case as to a deduction under 23(a) (1) because in Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 1237, 89 L.Ed. 1670, it was held that the two paragraphs were "coextensive" and *"in pari materia"*. But Bingham's Trust was a case involving a deduction claimed under 23(a) (2): it does not hold that a payment not necessary and ordinary to the objective stated in 23 (a) (2) cannot be necessary and ordinary to the broader objective of Sec. 23(a) (1). Rather, we read Bingham's Trust as holding that under both paragraphs of the Section the payments to be deductible must have been "directly connected with or proximately result from the enterprise", and that under Section 23(a) (2) the payment must further be an expense incurred for the production of income or in the management of income-producing property.[1] Merely because in Heide this court held that the payments there involved could not be found to be necessary and ordinary to the production of income or to the management of property held for the production of income, even if the facts here were on all fours with those in Heide, we should not strike down the finding below that the payments were ordinary and necessary to *carrying on the business* in which the taxpayers were engaged. Here we have different facts and a different statutory provi-

---

1. In Bingham's Trust v. Commissioner, 325 U.S. 365, 373, 374, 65 S.Ct. 1232, 89 L.Ed. 1670, the Court stated:

"Section 23(a) (2) is comparable and *in pari materia with* § 23(a) (1), authorizing the deduction of business or trade expenses. Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. Kornhauser v. United States, supra, 276 U.S. 152-153, 48 S.Ct. 219, 72

L.Ed. 505; Commissioner [of Internal Revenue] v. Heininger, supra, 320 U.S. 470-471, 64 S.Ct. [249] 252, 88 L.Ed. 171. The effect of § 23(a) (2) was to provide for a class of non-business deductions coextensive with the business deductions allowed by § 23(a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income."

sion. We hold that the finding below of which the Commissioner complains was within the fact-finding province of the Tax Court and not in conflict with Sec. 23(a) (1) properly interpreted.[2]

In making its ultimate finding the Tax Court surely was entitled to take into account the following underlying facts. The payments in question were not made to discharge a liability for surcharge *which was either admitted or judicially established,* but, instead, in compromise of objections made by adverse interests. These objections involved complicated questions of law as applied to numerous transactions occurring at a period coincident with the depression. They grew out of the protracted management of a vast estate comprising a conglomeration of interlocking corporations which the decedent himself had organized and controlled in his lifetime. These corporations had been owned by the decedent some wholly and some partly in conjunction with those named as his fiduciaries. The fiduciaries, before assuming their responsibilities, participated as directors in the management. In such a situation, even more truly than of that presented in Commissioner of Internal Revenue v. Josephs, 8 Cir., 168 F.2d 233, 237, it might be said—as was said by Judge Sanborn in his dissenting opinion in the Josephs case: "The taxpayer here, as an administrator, participated in the conduct of a family business belonging to the estate of the head of the family, who had, apparently, successfully built and managed the business. As is not unusual in such situations, the conduct of the trust estate ended in a family row in which the taxpayer, as a fiduciary, was involved. He bought his way out. The cost to him of the settlement grew out of his activities as a fiduciary, entered into for the production of income". These considerations even though not stressed in the opinion of the Tax Court, might well have entered into its finding that the payments were ordinary and necessary. On the other hand, proof by the respondents that they were not in fact delinquent as fiduciaries was not essential to the allowability of their claimed deductions. For in Commissioner of Internal Revenue v. Heininger, supra, even an expense incurred by a taxpayer in *unsuccessful* resistance to a claim of fraud was held deductible under Section 23 (a) (1) (A).

The Commissioner makes one further contention not raised below, *viz.,* that the payments here involved constituted capital expenditures under I.R.C. 24(a) (2), 26 U.S.C.A. § 24(a) (2), and as such are not deductible under Section 23. For this proposition he cites Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, and Hales-Mullaly, Inc., v. Commissioner, 10 Cir., 131 F.2d 509. But neither of these cases are apposite to the situation here. In both, on substantially different facts, the Board of Tax Appeals had found that the payments involved were *not* ordinary and necessary expenses under Sec. 23(a) (1) and in both the appellate courts sustained the findings as being in the proper fact-finding province of the Board. In both opinions the discussion of the

2. Before us, the Commissioner relied on a passage in the majority opinion in Commissioner of Internal Revenue v. Josephs, 8 Cir., 168 F.2d 233, a case not dealt with in the opinion below. But since this case, like the Heide case, was one involving a *non-business* deduction under Section 23 (a) (2), the passage relied on was *dictum* for purposes of a deduction under Section 23(a) (1). Moreover, the weight of the dictum was lessened, if not nullified, by the action of the appellate court in remanding to permit the Tax Court to determine whether the payments there involved were ordinary and necessary expenses in carrying on a business within the meaning of Section 23(a) (1). For if the court had meant, as its dictum appeared to suggest, that the expenses there involved (which were incurred under circumstances similar to those found here) could not properly be found to be ordinary and necessary to the carrying on of a business, its action in remanding would have been pointless.

In this connection it may be noted that in the Heide case there was a reversal without remand because the taxpayer there had conceded that the payment was not a business expense.

meaning of "ordinary" expenses was entirely consistent with the finding by the Tax Court in the instant case that the payments *were* ordinary and necessary.

On the facts here, it is true, as the Commissioner points out, that the taxpayers, as life tenants of the residuary trusts, may be expected to derive from their payments thereto some benefit in the form of greater income in future years. But from that it does not necessarily follow that the resulting accretion to the trusts became capital assets of the taxpayers. Such a contention was overruled in Stuart v. Commissioner, 1 Cir., 84 F.2d 368. However that may be, even if there was a close question in determining whether the payments were ordinary and necessary expenses in carrying on a business or whether they were capital expenses, the question was one, as just noted, within the fact-finding province of the Tax Court. Welch v. Helvering, supra. And on the record here we think the finding made was amply supported by the evidence.

Affirmed.