ESTATE OF SANTIAGO FRANCO, ANDRES DIAZ NIEVES, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Franco v. Commissioner
Docket No. 14331-78.
United States Tax Court
T.C. Memo 1980-340; 1980 Tax Ct. Memo LEXIS 248; 40 T.C.M. (CCH) 1070; T.C.M. (RIA) 80340; August 26, 1980, Filed Andres Diaz Nieves, for the petitioner. Henry B. Miller, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $2,438 in petitioner's Federal income tax for 1975. The sole issue for decision is whether amounts paid as legal fees from an action to quiet title on certain property are deductible. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Santiago Franco (hereinafter Franco or decedent) died in Spain on December 31, 1976 and Andres Diaz Nieves was appointed executor of his estate. At the time he, as executor, filed the petition herein, Andres Diaz Nieves resided at Bayamon, *249 Puerto Rico. Decedent timely filed his individual Federal income tax return for 1975 with the Director of International Operations, Washington, D.C.
In his 1975 return, decedent claimed a deduction of $20,000 as a legal expense. This expense arose out of a suit, brought by decedent, to clear title on certain property. In that action, Franco alleged that he had purchased property which, for personal reasons, he had placed in his son's name although he and his son agreed that Franco and his wife were the sole and real owners of the property. His son's widow, however, claimed that his son had always been sole owner of the property and, therefore, his son's heirs were entitled to the proceeds from the sale of the property. Franco's other two sons claimed their brother had actually been acting on behalf of all three brothers in the sale of the property and, therefore, each brother was entitled to receive one-third of the proceeds from the sale of the property. On February 13, 1974, the Superior Court of Puerto Rico decided that the proceeds from the sale of the property should be allocated among the various parties according to their interest in the property; Franco received *250 a 37.5 percent share. The superior court's decision provided for the sale of the property with payments to be made in installments over a period of years. Of the $60,000 installment payment received in 1975, Franco claimed $22,500 as his proportionate share. The cost of the property was $7,350 of which Franco claimed $2,756.25 (37.5 percent) as his share. The total expenses involved in the sale of the property were legal fees of $2,026.50 and a commission of $15,000. In determining his basis, on his 1975 return, Franco added 37.5 percent of the selling expenses to his portion of the cost of the property. The $20,000 legal expense was paid to Franco's attorneys from the proceeds of the sale of property which were deposited with the superior court. Petitioner, which did not submit a brief, asserts in its petition that Franco paid $20,000 in legal expenses to his attorney Luis Fernandez Ramirez and, therefore, is entitled to deduct this amount on his 1975 return. Respondent, by contrast, argues that since the amounts paid in legal fees arose from an action to defend or perfect title to property, the litigation expenses are capital expenditures and not currently deductible. *251 In addition, respondent contends that petitioner has not shown that the $20,000 for legal expenses was paid from funds solely belonging to Franco. We agree with respondent. Section 263(a) [1] provides the general rule with respect to capital expenditures that no deduction is allowed for new buildings or for permanent improvements to the value of any property or estate. The cost of defending or perfecting title to property is an example of a capital expenditure, sec. 1.263(a)-2(c), Income Tax Regs., and, as such, is nondeductible. Cowden v. Commissioner, T.C. Memo. 1965-278, affd. per curiam 365 F.2d 832 (1st Cir. 1966), cert. denied. 386 U.S. 942 (1967); Bowers v. Lumpkin, 140 F.2d 927 (4th Cir. 1944); Manufacturers Hanover Trust Co. v. United States, 160 Ct. Cl. 582, 312 F.2d 785 (1963). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩