**John M. and Florence B. STURGEON, Plaintiffs,**

v.

**Dennis J. McMAHON as former Collector of Internal Revenue, Second District of New York, Defendant.**

United States District Court
S. D. New York.

Oct. 15, 1957.

Jackson, Nash, Brophy, Barringer & Brooks, New York City, for plaintiffs.

Paul W. Williams, New York City, by Robert J. Ward, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

In an action for an income tax refund, the parties have cross-moved for summary judgment on the basis of undisputed facts. The issue presented is the deductibility of certain expenditures for attorneys' fees under § 23(a)(2) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 23(a)(2), as expenses incurred in the management, conservation or maintenance of property held for the production of income.

Mrs. Sturgeon's former marriage to Mr. Gould ended in a divorce whereby a

previous separation agreement between the two was approved and ratified. The agreement provided for the delivery to the wife of the sum of $586,000 and for the deposit in escrow with a bank the sum of $250,000. The $250,000 was to be used to pay any gift tax liability that might arise out of the payment made under the separation agreement, and so much of it as was not so used was to go to the wife.[1] Mr. Gould subsequently filed a gift tax return, but paid no tax. After his death, there was an assessment against his estate for a gift tax, in the amount of $253,501.77. The escrow fund was deposited with the Collector of Internal Revenue and the gift tax issue was litigated in the Tax Court by the estate of Mr. Gould, represented by attorneys retained by Mrs. Sturgeon, as provided for in the separation agreement. The litigation resulted in a holding that there was no gift tax liability, and the fund of $250,000 plus interest was paid over to Mrs. Sturgeon. In the joint income tax return of the taxpayers for the year 1948, they claimed as a deduction the $25,000 fee paid by them to Mrs. Sturgeon's attorneys in the Tax Court litigation. Except for an amount allocable to the interest income received (less than $4,000), the deduction was disallowed.

There is no dispute in this case about the reasonableness of the expenses claimed as deductions nor about whether they were ordinary and necessary. The issue is merely whether the legal fees paid were, under § 23(a)(2) of the Internal Revenue Code of 1939, a nonbusiness expense "for the management, conservation, or maintenance of property held for the production of income." Tax-

payers argue that the fund of $250,000 put in escrow was for the benefit of the plaintiff, Mrs. Sturgeon; that she was the owner of the fund subject to the possible assertion of a claim by the Commissioner for a gift tax. Therefore, it is contended, she had title to the property and the expenses she incurred were to conserve her property against the subsequent gift tax assessment against the estate of Mr. Gould. This analysis is unconvincing. Mrs. Sturgeon never "held" the property, for the production of income or otherwise, nor was she entitled to possession until after it had been legally determined that there was no gift tax liability. "Expenses for management, conservation or maintenance imparts the idea of utilization and preservation of specific property owned and used by the taxpayer. There was no vitality or value in this claim until plaintiff's right had been established and the amount had been finally recovered. The expenses here are analogous to expenditures incurred for the purpose of protecting title to property. It has been held that under this amendment such expenses are not deductible because they are capital expenditures. Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 929, [151 A.L.R. 1336]." Helvering v. Stormfeltz, 8 Cir., 142 F.2d 982, 984. Had the litigated issue of the gift tax been decided in favor of liability, it could scarcely be contended that the payment would have been made out of Mrs. Sturgeon's property. The payment would have been made out of the estate of her former husband, and it is precisely such a possibility that was contemplated by the separation agreement. Mrs. Sturgeon did not incur the fees of her attorneys to conserve her own property,

---

1. The separation agreement provided in part as follows: "Ninth: In consideration of the agreements * * * [Frank M. Gould] * * * has delivered to [plaintiff, Mrs. Sturgeon] his check for $586,000 * * * and * * * agrees to deposit with Bank of New York, in escrow, the sum of $250,000, to be held by it under the following terms and conditions: In the event that it is finally determined that a gift tax is assessable against [Frank M. Gould] by reason of

this separation agreement, or any payments made hereunder, an amount sufficient to satisfy any liability so established shall be paid over by said depositary to the appropriate authority, and any balance remaining in said fund or the whole thereof, when and if it be finally determined that there is no such liability, shall thereupon be paid to * * * [plaintiff, Mrs. Sturgeon], less any tax thereon."

but to acquire property that could not become hers until the adverse tax claim had been defeated. The expenses were therefore not deductible expenses for management and conservation of property held for the production of income, but rather they were capital expenditures to defeat adverse claims. Shipp v. Commissioner, 9 Cir., 217 F.2d 401; Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 151 A.L.R. 1336; Garrett v. Crenshaw, 4 Cir., 196 F.2d 185; Addison v. Commissioner, 8 Cir., 177 F.2d 521, 23 A.L.R.2d 897; Treasury Regulations 111, Section 29.23(a)–15(b).

Accordingly, plaintiffs' motion will be denied and the defendant's motion will be granted.