THOMAS A. GRABIEN AND MARTHA P. GRABIEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3452-65. Filed August 24, 1967.

Thomas A. Grabien, pro se.
*Alan E. Cobb*, for the respondent.

HOYT, *Judge:* Respondent determined a deficiency of $330.53 in the joint income tax of petitioners for the taxable year ended December 31, 1961. The questions presented for our decision are whether an attorney's fee paid for opposing extraordinary compensation requested by the executrix of an estate and an accounting submitted by the executrix is deductible by a residuary beneficiary and whether the petitioners' medical expense deduction should be decreased accordingly because of the increase determined in adjusted gross income.

### FINDINGS OF FACT

Most of the facts have been stipulated and are found accordingly and adopted as our findings.

Petitioners are husband and wife and their legal residence at the time the petition was filed herein was Cleveland, Ohio. Their joint return for the year involved was filed with the district director of internal revenue, Cleveland, Ohio. Martha P. Grabien is a party

herein only by reason of having filed a joint return with her husband, Thomas A. Grabien, and the latter will hereinafter be referred to as petitioner.

Petitioner's brother, Fred Grabien, died in 1959, leaving the following estate:

| | |
|---|---:|
| Real estate (residence) | $23, 000 |
| Cash and insurance | 11, 236 |
| Household goods and office equipment | 3, 824 |
| Accounts receivable | 16, 490 |
| | 54, 550 |

Petitioner's brother died testate, leaving one-half of the remainder of his estate, after specific bequests, to petitioner and the other one-half to Mae Nealon Grabien, his surviving spouse, who was named executrix. The pertinent provisions of the will provide as follows:

ITEM 7. All the remaining assets of my estate, both real and personal, of whatever nature, kind or description, I direct that my executrix sell and convert into money. The net proceeds of said assets, I direct be divided into two (2) equal parts.

ITEM 8. I give and bequeath to my brother, Thomas A Grabien, one (1) such part. * * *

ITEM 9. I give and bequeath to Mae Nealon [Grabien] the remaining one (1) such part. * * *

Notwithstanding the provision of the will, Mae elected to take her statutory share under the statute of descent and distribution and the petitioner was to receive the balance of the estate as residuary legatee.

Petitioner's brother had been a practicing lawyer and among his assets he left accounts receivable and unfinished cases in connection with his law practice. The executrix performed work as an attorney on the unfinished cases and made collections on the accounts receivable. The executrix filed three applications with the Probate Court during 1959 and 1960 seeking approval of extraordinary compensation (compensation beyond that prescribed by statute) from the estate principally for performing work on the unfinished cases and collecting the accounts receivable. The total extraordinary compensation sought was $12,205 and in addition the executrix requested $4,500 as a fee for her attorney.

The petitioner retained counsel and objected to all of the executrix's demands for extraordinary compensation; he claimed further that certain receivables had not been included in an accounting filed with the Probate Court. As a result of petitioner's objections, the Probate Court reduced the claimed extraordinary compensation of the executrix to $3,500, reduced her attorney's fee to $500, and ordered an accounting for additional accounts receivable of $3,825 not previously included in her account to the court.

Petitioner received $14,539.11 in cash as his share of the estate in 1961. This was the only property petitioner received from the estate. The fiduciary income tax return filed by the estate for 1961 reflected a net loss of $4,631.97 and one-half of this net loss was reported in the joint income tax return filed by petitioner in 1961.

In 1961 petitioner paid $1,500 to his attorney for services rendered in connection with petitioner's objections to the extraordinary fees claimed by the executrix and to the account filed with the Probate Court. A deduction for the $1,500 attorney's fee was claimed on the joint income tax return for 1961 filed by petitioner.

Respondent's deficiency notice stated, *inter alia*, that:

these legal fees are not allowable under Section 212 or any other section of the Internal Revenue Code of 1954 and your taxable income has, therefore, been increased accordingly.

Respondent also decreased the medical deduction claimed because of the resulting increase in adjusted gross income.

## OPINION

The deductibility of the attorney's fee of $1,500 involved in this case is dependent upon section 212 of the Code [1] which provides, in pertinent part, as follows:

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

(2) for the management, conservation, or maintenance of property held for the production of income; * * *

Thus, the question is whether the attorney's fee was incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

A fundamental aspect of section 212 is that the term "income" means potential income which would be produced for or collected by the taxpayer seeking the deduction. *Frederic A. Seidler*, 18 T.C. 256 (1952). Section 102 (a) provides that the value of property acquired by bequest or inheritance is not included in gross income. It is clear, therefore, that the attorney's fee was not related to petitioner's income nor can it be regarded as having been paid for the production or collection of income since any money received as his increased share of the estate would not be included in income. The expenditure in question increased petitioner's economic benefit derived from his interest in the estate, but section 212 does not apply to expenses incurred merely to maximize a nontaxable economic benefit. We conclude and hold that the attorney's fee was not paid or incurred for "the production or collection of income" as that phrase is used in section 212.

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.

Petitioner contends that the expenditure can be properly characterized as paid or incurred for the management, conservation, or maintenance of property held for the production of income. He argues that the accounts receivable were assets which produced income and that petitioner protected his interest therein by opposing the executrix's claims.

Petitioner relies upon such cases as *Frederick E. Rowe*, 24 T.C. 382 (1955), and *Hobart J. Hendrick*, 35 T.C. 1223 (1961), to support his position. We held in the *Rowe* case that an attorney's fees paid to conserve and maintain a vested remainder interest in the corpus of a testamentary trust of oil- and gas-producing properties by supporting an executor's account, which left as part of the corpus reserves for depreciation and depletion, were deductible. The *Hendrick* case involved legal fees paid by the owner of a vested remainder interest in property, income from which was to be paid to another for life, for the purpose of keeping the owner of the remainder interest advised as to the management of the property. It was held that such fees were deductible since the taxpayer's remainder interest qualified as property held for the production of income.

We stated in both of the foregoing cases that it is not necessary that the property produce income in the taxable year involved. However, both cases involved an already vested interest in property capable of producing taxable income. The instant controversy does not involve such a property interest. Petitioner's interest in the residuary estate of his brother was not the same as an interest in the accounts receivable which produced income in respect of a decedent when paid. The assets of the estate were being converted into cash as required by the will and were being held by the estate until conversion into cash could be accomplished and the administration concluded. Petitioner's interest in the estate was essentially a money claim dependent in amount on the amount of cash in the estate after the conversion to cash of the estate's assets and after allowance of all expenses of administration. A mere money claim of this sort is not property held for the production of income and petitioner never held the property for the production of income or otherwise until after the determination of the Probate Court with respect to the disputed extraordinary fees and distribution of the estate assets. The expense here in issue is analogous to an expense of perfecting or protecting title to property and not deductible as an expense of managing, maintaining, or conserving property. *E. W. Brown, Jr.*, 19 T.C. 87 (1952), affd. 215 F. 2d 697 (C.A. 5, 1954); *Sturgeon* v. *McMahon*, 155 F. Supp. 628 (S.D. N.Y. 1957), affirmed per curiam 255 F. 2d 685 (C.A. 2, 1958).

Petitioner argues further that an expenditure which has the effect of reducing a loss deductible for income tax purposes should be deductible under section 212. No cases are cited in support of this proposition.

754

Petitioner argues that the attorney's fee in question resulted in a reduction of the loss to the estate in its last taxable year of which a ratable share was deductible by petitioner. The reduction of a loss is not equivalent to the production of income and we conclude that an expenditure for the former purpose does not come within the ambit of section 212 to permit the deduction claimed on this theory.

In our view, petitioner was the recipient of a percentage interest in the remaining cash of his brother's estate following conversion of residuary assets to cash and administration of the estate. The cash did not constitute income to petitioner when received. The amount of cash receivable from the estate would have been diminished if the actions of the executrix had not been opposed. Thus petitioner protected his economic interest in the estate but he was not thereby managing or conserving income-producing property. We hold that the legal fee here involved was not paid for the management, conservation, or maintenance of property held for the production of income. The attorney's fee was paid merely to conserve the dollar amount of an interest in the residual cash of the estate and to defeat an adverse claim thereto which might result in reducing the amount ultimately distributed to petitioner as his share. Such an expenditure is not deductible under the provisions of section 212.

Due to our holding that the attorney's fee is not deductible, the respondent's determination to reduce the medical expense deduction claimed must also be sustained. Petitioner's adjusted gross income is increased by the disallowance of the legal fee deduction claimed and the allowable medical expense deduction must be accordingly adjusted as determined by the deficiency notice.

*Decision will be entered for the respondent.*