Thomas J. Kehoe and Rose P. Kehoe v. Commissioner.
Kehoe v. Commissioner
Docket No. 1872-67.
United States Tax Court
T.C. Memo 1968-235; 1968 Tax Ct. Memo LEXIS 64; 27 T.C.M. (CCH) 1162; T.C.M. (RIA) 68235; October 10, 1968. Filed Thomas J. Kehoe and Rose P. Kehoe, pro se, 1904 Rookwood Rd., Silver Spring, Md. Richard Seltzer, for the respondent. 1163 KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax liability for the year 1964 in the amount of $642.11. A part of the deficiency results from respondent's correction of a mathematical error which is conceded by petitioners. That part of the deficiency which is here in issue results from respondent's disallowance of business expenses in the total amount of $1,872.12 and his disallowance of a deduction in the amount of $1,511.35 claimed by petitioners on their return as "use of car in Business and trips to Columbus and Cincinnati Ohio Re Preparing Case #547 October term Supreme Court of U.S." Findings of Fact Most of the *65 facts have been stipulated by the parties. The stipulation of facts reads as follows: 1. The petitioners, individuals, are residents of Silver Spring, Maryland, and timely filed their joint tax return, Form 1040, for the taxable year ended December 31, 1964 with the District Director in Baltimore, Maryland. A copy of said return and schedules is attached as Exhibit 1-A. 2. On this return the petitioners claimed the following deductions: ITEM
AMOUNT
Business loss
$1,872.12
Rent on business property
1,200.00
Legal and professional fees
672.12
Travel expenses
1,511.35
3. The item described as a "Business loss" was erroneously deducted, because this deduction is a duplication of the deductions claimed as "Rent on business property" and "Legal and professional fees." Petitioner therefore concedes the correctness of respondent's adjustment described as "Mathematical error" in the deficiency notice. 4. During the taxable year in issue Thomas J. Kehoe filed a caveat to the Last Will and Testament of Michael Kehoe. Michael Kehoe was the uncle of Thomas J. Kehoe. Thomas J. Kehoe qualified as an heir and next of kin of Michael Kehoe and would stand to gain if *66 the caveat was successful. Also listed as claimants were Rose P. Kehoe, petitioners' son, Thomas P. Kehoe, and petitioners' daughter-in-law, Mrs. Thomas P. Kehoe. 5. During the taxable year in issue Thomas J. Kehoe incurred certain expenses in filing the caveat to the Last Will and Testament of Michael Kehoe. These expenses were as follows: A. Travel expenses:
$ 500.00
B. Expenses incurred in filing briefs:
672.12
C. Maintenance of office in home: 400.00
Total
$1,572.12
6. During the taxable year in issue, Thomas J. Kehoe rendered services to various individuals. These services were performed without any financial compensation. The recipients of these services were veterans. Thomas J. Kehoe incurred certain expenses which he contends were in connection with the performance of these services. These expenses consisted of the following: A. Travel expenses:
$1,011.35
B. Maintenance of office in home: 800.00
Total
$1,811.35
7. Respondent concedes that the expenses described in paragraphs 5 and 6 of this stipulation were actually incurred but contends that they are not deductible. The Supreme Court litigation referred to in petitioners' *67 income tax return for 1964 was "a Petition for a Writ of Certiorari to the Common Pleas Court of Hamilton County, Ohio, which on August 19, 1963, entered a judgment pursuant to jury verdict for the defendants-appellees against the plaintiff-appellant." The Petition for the Writ of Certiorari states the "Question Presented" as follows: Whether public policy does not require the Court's careful scrutiny of an alleged Will, which Bequeathes 80 per cent of a modest estate to the institutions and officials of the Roman Catholic Church, with only 5 per cent to the deceased's only legal heir. Whether the Court of Common Pleas, Hamilton County, Ohio was in error in ruling that there was no evidence of undue influence and thus preventing the jury from evaluating the value of the evidence in support thereof. Whether in holding that the testator had the mental capacity to execute the unnatural Will in question was not such gross error as to set aside the purported Will. Whether the Court of Common Pleas, Hamilton County, Ohio was not in error 1164 in admitting to evidence the letter of September 19, 1959, addressed by the petitioner to his uncle was wrongfully indicating petitioner's *68 belief in his uncle's mental capacity. Whether the heirship chart (Proponent's Exhibit #7) was not fraudulently introduced during the trial before the Common Pleas Court of Hamilton County, Ohio. The purpose of the litigation in the Ohio Courts was to invalidate the last will and testament of Michael E. Kehoe, the uncle of Thomas J. Kehoe (hereinafter referred to as petitioner), on the ground that the testator lacked sufficient mental capacity to make a valid will at the time it was executed and/or that the will was executed because of fraud or undue influence. Petitioner was the sole heir-at-law of Michael. At some time prior to the taxable year petitioner, who had been employed by the Bureau of Immigration and Nationalization was declared to be unemployable as permanently and totally disabled. He was also declared to be permanently and totally disabled by the Veterans Administration. Petitioner had long been interested in patriotic and veterans' organizations such as the Veterans of Foreign Wars and the Disabled American Veterans. He has on occasion volunteered his services free of charge to individual veterans who were in need of assistance. However, petitioner has never received *69 a fee or charged anyone for his services as a lawyer or veterans representative. In his return petitioner describes his business activity as "Attorney and Veterans Representative." No receipts from this business activity are reported in his return for 1964. Opinion KERN, Judge: It is clear that the expenditures of petitioner in connection with the litigation involving Michael's will were made because of petitioner's desire to invalidate the will and inherit Michael's property as his heir-at-law. Since property acquired by inheritance is not includable in gross income, expenditures made by an heir in connection with its acquisition are not deductible by him. See Thomas A. Grabien, 48 T.C. 750, 752. Cf. Sec. 212, Internal Revenue Code of 1954. It is equally clear that petitioner's activities on behalf of individual veterans of the armed services did not constitute a trade or business within the meaning of the Internal Revenue Code. These services are accurately and sympathetically described by a close friend of petitioner, who testified on his behalf, as follows: Essentially, for the last several years [petitioner] has been a do-gooder as *70 I say going out of his way doing lots of traveling, telephoning, writing of letters, and so forth, without the slightest indication of ever wanting to collect a fee from anybody because this was contrary to his policy during all the years he was actively serving with the American Red Cross, Disabled AmericanVeterans, helping disabled veterans and their dependents, solving their problems. Petitioner himself in his opening statement declared that he never had charged and never would charge any veteran for anything which he had done or would do for them and petitioners' return for the taxable year shows no income from this source or from any other business carried on by petitioner. Since there was no intention or even desire on the part of petitioner to profit from his activities on behalf of veterans, these activities cannot be considered a trade or business. See Henry P. White, 23 T.C. 90. The record does not suggest that petitioner was engaged in any other trade or business. Accordingly petitioner is not entitled to any deductions on account of losses or expenses in connection with a trade or business. Petitioner in his reply brief cites Mathis v. United States, 391 U.S. 1, *71 and Commissioner v. Tellier, 383 U.S. 687. Both of these cases are distinguishable on their facts. In both cases the claimed deductions related to profit-making activities of the taxpayer. Decision will be entered for the respondent. 1165