WILLIAM KUNTZ, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuntz
Docket No. 28734-90
United States Tax Court
T.C. Memo 1992-650; 1992 Tax Ct. Memo LEXIS 678; 64 T.C.M. (CCH) 1258; November 5, 1992, Filed *678 Decision will be entered under Rule 155. For Petitioner: Alan H. Sunukjian. For Respondent: David L. Click. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1985 in the amount of $ 882, and additions to tax for negligence attributable to the deficiency under section 6653(a)(1) and (2) in the respective amounts of $ 44.10 and 50 percent of the interest due on the entire deficiency. Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1), in the amount of $ 220.50. After concessions by petitioner, the issues remaining for decision for the year in issue are: (1) Whether petitioner had unreported dividend and interest income; (2) whether petitioner is entitled to a casualty loss deduction for theft of a typewriter; (3) whether petitioner *679 is entitled to deductions for various claimed expenses for moving, medical bills, bank charges, interest, stock commissions, postage, and attorneys fees; (4) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failing to file a return; and (5) whether petitioner is liable for the additions to tax for negligence under section 6653(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time his petition was filed, petitioner resided in Albany, New York. Petitioner is a businessman with varied interests. During the year in issue petitioner maintained substantial investments in stocks, securities, and money market accounts, and owned and rented out commercial property. Petitioner received dividend and interest income during the year in issue, but did not file a Federal income tax return. Petitioner bears the burden of proving that he does not have unreported income for the year in issue, and the burden of proving his entitlement to deductions for his various claimed expenses. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); *680 Welch v. Helvering, 290 U.S. 111 (1933). I. Unreported Income
After concessions, the unreported income issue in this case is whether petitioner failed to report $ 2,710 in dividend income and $ 1,007 in interest income. During the year in issue, petitioner owned a certain number of shares in the Peter Kuntz Company, a closely held wholesale lumber and building materials company. Petitioner's shares entitled him to receive $ 2,710 in declared dividends in 1985. However, petitioner's shares in the company were subject to garnishment during the year in issue. Accordingly, the full amount of petitioner's dividends was remitted by the company directly to an attorney towards satisfaction of the garnishment, and not to petitioner. Payment of the dividends towards satisfaction of the garnishment was made in May, 1986. Petitioner does not question the fact that the 1985 dividends are taxable income to him even though he never took actual possession of them. Rather, petitioner contends that he accounted for the dividend income on his return for taxable year 1986 and cannot now be taxed on the dividend income in taxable year 1985. We disagree. *681 Petitioner is a cash basis taxpayer, and the dividends were declared in 1985. In that year, the dividends were set aside by the Peter Kuntz Company for direct remittance to an attorney towards satisfaction of the court-ordered garnishment. Thus, the dividends were available for distribution to petitioner's creditor in 1985, and are therefore taxable to petitioner for that year. See Herbert v. Commissioner, 32 B.T.A. 372 (1935), affd. 81 F.2d 912 (3d Cir. 1936); Winkelman v. Commissioner, a Memorandum Opinion of this Court dated Feb. 20, 1943. Moreover, the record provides no insight as to whether petitioner accounted for the 1985 dividend income on his 1986 return. The evidence before us shows that petitioner constructively received taxable dividends from the Peter Kuntz Company in 1985 in the amount of $ 2,710, which went unreported that year because petitioner did not file a tax return. Based on the evidence before us, we can only conclude that petitioner had unreported dividend income in the amount of $ 2,710 for taxable year 1985. Respondent also contends that petitioner failed to report $ 1,007 in interest income *682 earned from 5 percent debentures of the Chicago, Milwaukee, St. Paul, and Pacific Railroad Company (Milwaukee Road Bonds). Petitioner admits that he owned Milwaukee Road Bonds during the year in issue, but argues that the only interest income earned thereon was earned, received, and reported in taxable year 1986, when the bonds were also redeemed. We find petitioner's testimony to be consistent and credible on this issue, and respondent has offered no credible evidence in this case indicating that petitioner received any interest income from the Milwaukee Road Bonds in 1985. Accordingly, we hold that petitioner did not fail to report $ 1,007 in interest income for taxable year 1987. II. Casualty Loss
Petitioner claims he is entitled to a casualty loss deduction in the amount of $ 1,000 for theft of a typewriter used for business purposes. Petitioner testified at trial that a walnut colored desk and a typewriter were stolen from his office premises on the same day sometime in the summer of 1985. Petitioner also testified that the desk was recovered sometime later. However, a police report submitted as evidence in this case significantly conflicts with petitioner's testimony. *683 First, it appears that the police report is a copy dated September 30, 1985, and that the original report was dictated to the police on January 11, 1985. Further, the police report clearly states that both the desk and typewriter "were last seen" by petitioner in November, 1984, not sometime during the summer of 1985. Moreover, the police report appears to indicate that the desk was recovered sometime on or before March 14, 1985, which is the date listed on the report as the "date of latest disposition", and which obviously is before the "summer of 1985" in which petitioner testified the items were stolen. Petitioner explains the discrepancies between his testimony and the police report as "assumed" typographical error. Only petitioner's testimony supports his position on this issue. We are not obliged to accept petitioner's self-serving testimony as evidence sufficient to satisfy his burden of proof, and we do not so choose in regard to this issue. Tokarski v. Commissioner, 87 T.C. 74 (1986). We hold that petitioner has not satisfied his burden of proof that the typewriter was in fact stolen during 1985, or that he first discovered any such *684 theft in 1985, and therefore conclude that he is not entitled to a casualty loss deduction for that year. III. Moving, Medical, Postal, Bank, Interest, Brokerage and Legal Expenses
In the following paragraphs we address petitioner's claim that he is entitled to deductions for various expenses incurred during the year in issue. A. Moving Expenses
Petitioner claims that he is entitled to a deduction for moving expenses in the amount of $ 1,950. We disagree. Generally, if two principal requirements are met, section 217 permits a deduction for moving expenses paid or incurred during a taxable year in connection with the commencement of work in a new location. First, the new location of his work must be at least 35 miles farther from the taxpayer's old residence than was the taxpayer's former principal place of work, or if the taxpayer had no former principal place of work, at least 35 miles farther from his old residence. Sec. 217(c)(1). Second, a taxpayer must be able to prove that he worked full time in the general vicinity of the new job location for 39 weeks during the 12-month period following the move. Sec. 217(c)(2). We conclude that petitioner is not entitled *685 to a deduction for moving expenses in any amount because he has failed to satisfy the requirement in section 217(c)(2). First, petitioner has failed to establish the date indicating when he moved from Ohio to New York, from which we must determine whether he worked full time for 39 weeks during the ensuing 12 month period. Second, there is no evidence in the record indicating or even suggesting that petitioner worked full time for 39 weeks during the year. Rather, the record indicates and suggests only that petitioner counted on his substantial investment holdings for financial support. Accordingly, petitioner is not entitled to a deduction for moving expenses incurred during the year in issue in any amount. B. Medical Expenses
Petitioner claims he is entitled to a Schedule A deduction for medical expenses allegedly paid during the year in issue in the amount of $ 700. However, petitioner is only able to substantiate medical expenses paid in the amount of $ 285.47. Accordingly, petitioner may take only that amount into account in determining the extent to which he is entitled to a medical expense deduction for the year in issue. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). *686 C. Bank Charges, Interest, Postage, and Stock Commissions
Petitioner claims he is entitled to deductions in various amounts for expenses incurred for bank service charges, business interest, investment interest, postage, and brokerage commissions. Section 262 provides that no deduction is allowed for personal, living or family expenses. For most of these claimed expenses, we conclude that petitioner is either unable to prove that the amount paid was a business expense, unable to substantiate the amount of the expense, or unable to prove that the expense was actually paid during the year in issue. See Taylor v. Commissioner, T.C. Memo. 1992-174. However, we do hold that petitioner is entitled to: (1) a deduction for investment interest paid in the amount of $ 20.99, and (2) deductions under section 212(1) in the amounts of $ 34.25 paid as bond collection fees, and $ 42 paid for rental of a post office box used in his capacity as a commercial real estate landlord. As to petitioner's claimed deduction for brokerage commissions, we conclude that although he has substantiated $ 260.26 in such commissions, the entire amount is nonetheless a nondeductible *687 expense. Commissions incurred in connection with the purchase of stocks and securities are capital expenses which increase basis under section 263. Helvering v. Winmill, 305 U.S. 79 (1938); sec. 1.263(a)-2(e), Income Tax Regs. Commissions incurred by nontraders or nondealers on the sale of stocks and securities are selling costs which reduce the amount of gain on the sale. Spreckels v. Commissioner, 315 U.S. 626 (1942); sec. 1.263(a)-2(e), Income Tax Regs.
Petitioner has neither identified whether the commissions in issue were incurred on the purchase or sale of stocks and securities, nor identified any income to which the commissions are attributable. Nor, on this record, are we able to determine any purchase or income to which the commissions are attributable. Therefore, we hold that no amount of the commissions is permitted to be deducted for 1985 or to reduce an amount of gain for that year. Rule 142(a); New Colonial Ice Co. v. Helvering, supra.
D. Legal Fees
Petitioner claims he is entitled to a deduction under section 212 for legal expenses incurred and paid during *688 the year in issue in the amount of $ 3,523.50. Based on the evidence, we hold that petitioner is entitled to a deduction for legal expenses in the amount of $ 114.50. We deny petitioner a deduction beyond this amount because he is unable to prove either his entitlement to a greater deduction under section 212, or that any additional legal expenses were actually incurred and paid during the year in issue. Specifically, we conclude that petitioner is not entitled to deduct $ 1,796 in legal fees paid to resolve personal questions about his deceased grandfather's estate. Petitioner has not shown that the fees were incurred to produce or collect additional taxable income for himself as a beneficiary of the estate. Nor has petitioner demonstrated that the fees were paid to manage, conserve, or maintain any property which might come to him from the estate from which he might receive taxable income. Further, petitioner has not shown that fees were paid in connection with the determination, collection, or refund of any tax for which he was personally liable. See Grabien v. Commissioner, 48 T.C. 750 (1967); Tolfree v. Commissioner, T.C. Memo. 1954-50. *689 We also conclude that petitioner is not entitled to deduct $ 1,613 in claimed legal expenses in connection with his pursuit of a receivership action to obtain back rent from a tenant to whom he leased commercial real estate. The claimed deduction consists of $ 1,575 in legal fees and $ 38 for payment of a transcript of the proceedings. However, there is no credible evidence in this case beyond petitioner's testimony that such expenses were incurred and paid during the year in issue. Particularly, there is no supporting evidence in the record suggesting that petitioner was ever billed $ 1,575 in legal fees for services rendered regarding a receivership action. In fact, the only credible evidence related to petitioner's claim for a legal expense deduction related to a receivership is a bill from a transcript company indicating that petitioner's payment check was returned, and that a bank charge of $ 3 was due on top of the $ 35 still owed for the transcript. As with petitioner's casualty loss claim, we find petitioner's testimony insufficient to warrant deduction on this issue. Tokarski v. Commissioner, 87 T.C. 74 (1986). IV. Additions *690 to Tax Under Sections 6651(a)(1) and 6653(a)
We now consider whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a return. Section 6651(a)(1) imposes an addition to tax where a taxpayer fails to file a return on the date prescribed (determined with regard to any extension for filing), unless it is shown that such failure to file is due to reasonable cause and not due to willful neglect. Petitioner has stipulated that he did not file a tax return for taxable year 1985, but argues that he nonetheless warrants application of the "reasonable cause" exception. The burden is his to prove that he exercised "ordinary business care and prudence" in attempting to file a timely return for taxable year 1985. United States v. Boyle, 469 U.S. 241, 243 (1985). On this record, we conclude that petitioner failed to exercise due care and prudence in the filing of his return for the year in issue, and hold that he is liable for the section 6651(a)(1) addition to tax. Petitioner has failed to introduce credible evidence to indicate anything other than that he was in possession of all relevant records and documents necessary *691 to complete and timely file his return for taxable year 1985, and that he simply chose to do otherwise. Petitioner's claim that he requested an extension for taxable year 1985 and by mail requested that respondent complete a return for him is not supported by the record. Petitioner testified at trial that he does not possess a copy of an executed extension request form, and, in any event, admitted that he never provided respondent with any income or expense information from which to complete a return for taxable year 1985. Such behavior stands in complete contrast to the exercise of "ordinary business care and prudence", if what petitioner truly desired was for respondent to complete his 1985 return. Since we hold that petitioner failed to exercise due care and prudence in the filing of his return for the year in issue, we hold that he is also liable for the additions to tax under section 6653(a). Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Decision will be entered under Rule 155.