COMMISSIONER OF INTERNAL REVE-NUE v. McWILLIAMS (3 cases).

SAME v. McWILLIAMS' ESTATE.

Nos. 10240-10242.

Circuit Court of Appeals, Sixth Circuit.

Dec. 2, 1946.

Writ of Certiorari Granted March 3, 1947.

See 67 S.Ct. 868.

MILLER, Circuit Judge, dissenting.

Berryman Green, of Washington, D. C. (Douglas W. McGregor, Sewall Key, and Robert N. Anderson, all of Washington, D. C., on the brief), for petitioner.

John A. Hadden, of Cleveland, Ohio, for respondent.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

These petitions for review were consolidated for hearing before the Tax Court of the United States and in this court. They involve deficiencies in income tax assessed against John P. McWilliams for the year 1941 in the amount of $7,110.33; of $296.75 for the year 1940 against the estate of Susan P. McWilliams, and of $1,845.52 and $4,184.07 for the years 1940 and 1941 respectively against Brooks B. McWilliams.

John P. McWilliams and Brooks B. McWilliams are residents of Cleveland, Ohio, and are husband and wife. Susan P. McWilliams, deceased, was the mother of John P. McWilliams, who since Nov. 1941 has been the executor of her estate.

In 1940 and 1941 John P. McWilliams bought and sold a considerable number of valuable securities for his own and his wife's account, and also for his mother's account until her death. He had managed the property of his wife and mother for a number of years. Most of the transactions involved were sales during the taxable years, made by John P. McWilliams for his individual account and for his wife's account. At the time McWilliams placed the orders for sale for his individual account he instructed his brokers to purchase a like number of the same shares at as nearly the same price as possible for the account of his wife. In giving the orders to sell shares for his wife's account he instructed his brokers to purchase a like number of the same shares for his indi-vidual account. In each instance the broker was told that the sale was for the purpose of establishing a tax loss. The instructions were carried out, and new certificates bearing different numbers from those sold were issued to the taxpayers. All of the securities were sold through a Cleveland stock broker, and executed in the regular manner on the New York Stock Exchange. The purchasers of the securities were unknown to the taxpayers.

Under substantially the same circumstances as those described above McWilliams in 1940 sold certain shares of stock for the account of his mother, and on the same day purchased a like number of shares of the same stock for his individual account.

A long-term capital loss on these sales was claimed by McWilliams amounting to $21,276.53 in 1941, and by his wife, amounting to $5,592.49 in 1940, and $13,946.95 in 1941. A similar loss in the amount of $1,755.79 was claimed by Susan P. McWilliams. All of these deductions were disallowed by the Commissioner as being prohibited by § 24(b), Int.Rev.Code, 26 U.S.C.A. Int.Rev.Code, § 24(b), which so far as material reads as follows:

"(b) Losses from sales or exchanges of property

"(1) Losses disallowed. In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

"(A) Between members of a family, as defined in paragraph (2) (D) * * *."

The Tax Court allowed the deductions upon the authority of Commissioner v. Ickelheimer, 2 Cir., 132 F.2d 660, 145 A.L.R. 556.

The narrow question involved is the meaning of the words in the statute, "directly or indirectly * * * Between members of a family, * * *." This is a question of law which this court is to decide without reference to the findings of fact or the inferences of the Tax Court. Trust of Bingham v. Commissioner, 325 U.S. 365, 371, 65 S.Ct. 1232, 89 L.Ed. 1670. The Tax Court held that the sales were not

between the members of a family because the stocks were purchased by third parties unknown to the taxpayers.

We think the decision of the Tax Court was erroneous, and that the sales clearly were indirect sales between members of the same family. The statute must be construed to carry out its purpose. Griffith v. Helvering, 308 U.S. 355, 357, 60 S.Ct. 277, 84 L.Ed. 319; Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788. It must be read in the light of the mischief to be corrected and the end to be attained. National Labor Relations Board v. Hearst Publications, Inc., 322 U. S. 111, 124, 64 S.Ct. 851, 88 L.Ed. 1170.

The purpose of the legislation which first appeared in the Revenue Act of 1934 was the prohibition of deductions for losses from sales between members of a family. The preliminary subcommittee report of the House Ways and Means Committee on Tax Avoidance, 73d Cong., 2d Sess., p. 15, stated: "Many instances have been brought to light where transactions have taken place for the sole purpose of taking a loss for income-tax purposes. It is believed that the recommendation of the subcommittee, if followed, will effectually close this opportunity for tax avoidance."

The report of the full Ways and Means Committee (H. Rep. No. 704, 73d Cong., 2d Sess., p. 23) stated as to the purpose of this section that "Experience shows that· the practice of creating losses through transactions between members of a family and close corporations has been frequently utilized for avoiding the income tax. It is believed that the proposed change will operate to close this loophole of tax avoidance."

· If losses from these sales are permitted to be deducted the purpose of the statute will be frustrated. These sales were admittedly for the purpose of establishing tax losses, and the broker was so informed. There was no other purpose in the transaction. None of the taxpayers intended to part with the investment, for the broker was instructed to repurchase a like number of shares in each instance at as nearly the same price as possible. It is significant, as expressive of the tax-payer's intention, that the broker was not instructed that the sales were to be consummated even if it should prove impossible to purchase like shares for a similar price. Considered as a whole, the transactions were agreements to sell between members of the same family, and fairly covered by the phrase of the statute, "directly or indirectly * * * Between members of a family * * *."

Sales of stock and simultaneous repurchase through third parties do not establish a deductible loss. Esperson v. Commissioner, 5 Cir., 49 F.2d 259, 260, certiorari denied 284 U.S. 658, 52 S.Ct. 35, 76 L.Ed. 558. Cf. Shoenberg v. Commissioner, 8 Cir., 77 F.2d 446, certiorari denied 296 U.S. 586, 56 S.Ct. 101, 80 L.Ed. 414; Du Pont v. Commissioner, 3 Cir., 118 F.2d 544, certiorari denied 314 U.S. 623, 62 S.Ct. 79, 86 L.Ed. 501.

The taxpayers attempt to distinguish these cases by pointing out that in each case the taxpayer who sold the securities reacquired them. It is true that the seller and the buyer in the instant cases were not identical; but the husband and son was the agent for his wife and mother, each of whom had independent and substantial estates. He had, as he testified, "entire charge" of their affairs. He acted for all three taxpayers. He decided to sell his own stocks, and decided as his wife's agent to buy back the identical number of shares of the same stock at the same price, so far as possible. The result was that shares of the same denomination and value, and in the same amount, were in every case on the same day acquired by members of the family group.

No material change was made in the property rights held by the broker for the taxpayers, for a certificate for the same number of shares, although printed upon different paper and bearing a different number, represents precisely the same kind and value of property as does another certificate for a like number of shares of stock in the same corporation. Richardson v. Shaw, 209 U.S. 365, 378, 28 S.Ct. 512, 52 L.Ed. 835, 14 Ann.Cas. 981; Gorman v. Littlefield, Trustee, 229 U.S. 19, 23, 33 S. Ct. 690, 57 L.Ed. 1047.

To consider this an arm's length transaction is to treat the wife and mother as complete strangers; "To let mere formalism obscure the normal consequences of family solidarity; and to force concepts of ownership to be fashioned out of legal niceties which may have little or no significance in such household arrangements." Helvering v. Clifford, supra, 309 U.S. 331, 336, 337, 60 S.Ct. 554, 84 L.Ed. 788. In each instance the conclusion of the transaction was that the parties were in the same position as if they had dealt directly with each other as buyer and seller.

In Commissioner v. Ickelheimer, supra, upon which the Tax Court based its decision herein, the decision was by a divided court in the Tax Court, and was affirmed by a divided court, Judge Learned Hand dissenting.

The instant cases are stronger on the facts in favor of the Commissioner than the Ickelheimer case, for there the purchase was delayed for a day or two, while here the orders to sell and the orders to purchase were placed at the same time and through the same broker, and consummated on the same day. But we do not ground our decision on this variation in the facts. We think that the dissenting opinion in the Ickelheimer case presents a better view of the purpose of the congressional enactment than the majority decision, and agree with Judge Learned Hand that the allowance of such deductions ignores the meaning of the word "indirectly" in the statute and frustrates the congressional purpose. The statute covers transactions "by which, in accordance with a preexisting design, property passes by whatever combination of moves at a substantially unchanged price" from one member of the family to another. Commissioner v. Ickelheimer, supra, dissenting opinion, page 662 of 132 F.2d.

The decision of the Tax Court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

MILLER, Circuit Judge (dissenting).

In the recent decision in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, the Supreme Court restated and reaffirmed the rule of many decades in stating " 'The legal right of a taxpayer to decrease the amount of what would otherwise be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted.' Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355. We do not reject that principle." In my opinion, the transactions here involved fall within that rule. The sale by the taxpayer in each instance was an actual, bona fide sale on the open market between a seller and a buyer dealing at arm's length. The buyer was not a member of the taxpayer's family, was in fact unknown to the seller, and had no obligation, agreement or understanding in any shape or form to resell or transfer the securities so purchased to any member of the seller's family or to anyone. He paid for them out of his own funds. The record shows no resale by the purchaser of the securities so purchased. Under such circumstances the taxpayer did not sell either directly or indirectly to a member of his family. He sold to a stranger. The transaction was a completed one and terminated at this point. It resulted in a deductible loss for income tax purposes. What another member of the taxpayer's family did in an entirely separate transaction with a different unknown stranger, again dealing at arm's length in the open market does not, in my opinion, merge the two transactions into one or change the legal aspect of the completed sale on the part of the first taxpayer. Unless we are to consider the income of the several members of a family group as a unit for income tax purposes, each transaction is a separate one for each individual taxpayer. Congress has not yet enacted legislation merging such individual incomes, though several times proposed. The motive of tax avoidance does not take the place of such legislation. I am of the opinion that the ruling of the Tax Court should be affirmed. Commissioner v. Ickelheimer, 2 Cir., 132 F.2d 660, 145 A.L.R. 556; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L. Ed. 248; John Kelley Co. v. Commissioner, 326 U.S. 521, 66 S.Ct. 299.