BARRY D. and SANDRA J. PEVSNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pevsner v. Commissioner
Docket No. 5385-78.
United States Tax Court
T.C. Memo 1979-311; 1979 Tax Ct. Memo LEXIS 218; 38 T.C.M. (CCH) 1210; T.C.M. (RIA) 79311; August 13, 1979, Filed *218 P is the manager of a boutique selling exclusively women's clothes and accessories designed by Yves St. Laurent, and she was expected to purchase and wear such apparel while at work. The wearing of such apparel by P outside of her work was completely contrary to her mode of living, and she never did so. Held, Ps are entitled to deduct the cost of purchasing and maintaining such apparel as an ordinary and necessary business expense. Secs. 162(a), 262, I.R.C. 1954. Samuel R. Miller, for the petitioners. Douglas R. Fortney, for the respondent. SIMPSON
*219 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $508.84 in the petitioners' Federal income tax for 1975. The petitioners have conceded certain adjustments made by the Commissioner, but they now claim an overpayment. The sole issue remaining for decision is whether the petitioners are entitled to deduct as an ordinary and necessary business expense the cost of purchasing and maintaining clothes and accessories designed by Yves St. Laurent and worn by Mrs. Pevsner in her employment as the manager of a boutique selling such apparel. FINDINGS OF FACTS Some of the facts have been stipulated, and those facts are so found. The petitioners, Barry D. and Sandra J. Pevsner, husband and wife, maintained their legal residence in Dallas, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1975 with the Internal Revenue Service, Austin, Tex. Sandra J. Pevsner will sometimes be referred to as the petitioner. Since June 1973, the petitioner has been employed as the manager of the Sakowitz Yves St. Laurent Rive Gauche Boutique (the boutique) located in the Old Town Shopping *220 Center, Dallas, Tex.The boutique sells only women's clothes and accessories designed by Yves St. Laurent (YSL), one of the leading designers of women's apparel. Such clothes and accessories are dramatic, highly fashioned, and avant-garde. All such apparel is manufactured in Paris, France, and the fabrics are all pure silk, wool, or cotton. Also, such apparel is very expensive. For example, the prices of items sold in the boutique in 1978 included blouses at $200, skirts starting from $250, and dresses averaging between $800 and $900. Some customers of the boutique purchase and wear the YSL apparel for all their activities and spend as much as $20,000 a year for such apparel. As manager of the boutique, the petitioner is expected by her employer to wear YSL clothes while at work. In her appearance, she is expected to project the image of an exclusi&ve lifestyle and to demonstrate to her customers that she is aware of the YSL current fashion trends as well as the trends generally. Also, because the boutique sells YSL designed clothes exclusively, the petitioner must be in a position, when a customer compliments her on her clothes, to say that they are from YSL. In addition *221 to wearing the YSL apparel while at the boutique, she wears them while commuting to and from work, to fashion shows sponsored by the boutique, and to business luncheons where she represents the boutique. To obtain the YSL clothes and accessories, the petitioner is required to purchase them, as store policy provides for immediate dismissal of any employee wearing the boutique's merchandise without first purchasing it. However, she is allowed a discount on such purchases. During 1975, she purchased the following YSL clothes and accessories from the boutique: four blouses, three skirts, one pair of slacks, one trench coat, two sweaters, one jacket, one tunic, five scarves, six belts, two pairs of shoes, and four necklaces. The total cost of such apparel was $1,381.91. Also, during 1975, she expended $240.00 for maintaining such clothes and accessories. Although the petitioner's employer had no objection to her wearing the YSL apparel outside of work, she never did so. The petitioner and her husband were on a lower socio-economic level than the women who patronize the boutique; the petitioners have a simple lifestyle. Mrs. Pevsner works 5 days per week, and Mr. Pevsner, although *222 employed, is partially disabled due to a severe heart attack he suffered in 1971. As a result, their social activities are very limited and informal, and the wearing of highly fashioned clothes, such as those of YSL, would be totally inappropriate. Thus, when the petitioner is not at work, she wears much simpler and substantially less expensive clothes. Moreover, the income of the Pevsners is limited, and the petitioner could not afford to purchase the YSL apparel for general use, even with her discount. Also, no other member of the Pevsner family buys or wears any of the YSL or other designer apparel. On their 1975 Federal income tax return, the petitioners deducted $990.00 with respect to Mrs. Pevsner's purchase of the YSL clothes and accessories. However, in their amended petition, they claimed a deduction for the full costs of such apparel and for the cost of maintaining such apparel. In his notice of deficiency, the Commissioner disallowed such deduction, and he disputes the additional claim set forth in the amended petition. OPINION The sole issue for decision is whether the petitioner's expenditures for clothes and accessories and for the maintenance of them constitute *223 ordinary and necessary business expenses. The resolution of this issue requires us to reconcile the provisions of sections 262 and 162 of the Internal Revenue Code of 1954. [1]Section 262 expressly denies a deduction for all "personal, living or family expenses." On the other hand, section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred * * * in carrying on a trade or business." Although one must wear clothing of some type while at work, the costs of clothing have generally been considered to be a personal expense, within the meaning of section 262, which is not deductible. See Kennedy v. Commissioner,451 F. 2d 1023 (3d Cir. 1971), affg. a Memorandum Opinion of this Court, cert. denied 406 U.S. 920 (1972); Motch v. Commissioner,11 T.C. 777 (1948), revd. on other issues 180 F. 2d 859 (6th Cir. 1950). There are many expenses which are helpful, even essential, to one's business activities, but which are considered to be inherently personal and not deductible in our tax *224 system. For example, commuting expenses (sec. 1.162-2(e), Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973)); the cost of meals while at work ( United States v. Correll,389 U.S. 299 (1967); Drill v. Commissioner,8 T.C. 902 (1947)); expenses of education relating to a new trade or business (sec. 1.162-5(b), Income Tax Regs.; Carroll v. Commissioner,51 T.C. 213 (1968), affd. 418 F. 2d 91 (7th Cir. 1969)); and personal grooming expenses ( Drake v. Commissioner,52 T.C. 842 (1969)). In like manner, the courts have denied a deduction for the cost of clothes even when it was shown that the particular clothes would not have been purchased but for the employment ( Stiner v. United States,524 F. 2d 640 (10th Cir. 1975); Donnelly v. Commissioner,262 F. 2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957)), or when the clothes used in work were more expensive (cf. Drill v. Commissioner,supra). Ncvertheless, we have allowed a deduction for the cost of clothes which were useful only in the workplace. A deduction *225 was allowed in Harsaghy v. Commissioner,2 T.C. 484 (1943), because custom and usage forbade offduty wearing of the clothing; in Meier v. Commissioner,2 T.C. 458 (1943), because sanitary considerations made the clothes unsuitable for general wear; in Denny v. Commissioner,33 B.T.A. 738 (1935), because the clothes were a theatrical costume; and in Mortrud v. Commissioner,44 T.C. 208 (1965), and Benson v. Commissioner,2 T.C. 12 (1943), affd. 146 F. 2d 191 (9th Cir. 1944), because the clothes were a uniform not expected to be worn generally. However, where the clothes were suitable for general wear, a deduction has been disallowed. See Donnelly v. Commissioner,supra;Roth v. Commissioner,17 T.C. 1450 (1952); Roberts v. Commissioner,10 T.C. 581 (1948), affd. on another issue 176 F. 2d 221 (9th Cir. 1949); Drill v. Commissioner,supra.
In Yeomans v. Commissioner,30 T.C. 757, 767 (1958), we established three criteria for the cost of clothing to be deductible as an ordinary and *226 necessary business expense: (1) The clothing is required or essential in the taxpayer's employment, (2) the clothing is not suitable for general or personal wear, and (3) the clothing is not so worn. If the cost of acquiring clothing is deductible, then the cost of maintaining such clothing is likewise deductible as an ordinary and necessary business expense. Mortrud v. Commissioner,supra;Fisher v. Commissioner,23 T.C. 218 (1954), affd. 230 F. 2d 79 (7th Cir. 1956); Harsaghy v. Commissioner,supra;Benson v. Commissioner,supra.
In the case now before us, the Commissioner concedes that the petitioner was required to purchase and wear the YSL clothes and accessories in her work and that she never used such apparel outside her work. However, he contends that in deciding whether such apparel is suitable for other use, we should apply an objective standard, and not base our decision on the petitioner's personal lifestyle.
In Yeomans, the petitioner was employed as a fashion coordinator for a shoe manufacturing company. Her employment necessitated her attendance at meetings of fashion *227 experts and at fashion shows sponsored by her employer. On these occasions, she was expected to wear clothing which was new, highly styled, and such as "might be sought after and worn for personal use by women who make it a practice to dress according to the most advanced or extreme fashions." 30 T.C. at 768. However, for her personal wear, Ms. Yeomans preferred a plainer and more conservative style of dress. As a consequence, some of the items she purchased were not suitable for her private and personal wear and were not so worn. We allowed her to deduct the cost of the items with respect to which we were satisfied were not suitable for her general wear. A careful reading of Yeomans shows that, without a doubt, the Court based its decision on a determination of Ms. Yeomans' lifestyle and that the clothes were not suitable for her use in such lifestyle. Furthermore, the Court recognized that the clothes Ms. Yeomans purchased were suitable for wear by women who customarily wore such highly styled apparel, but such fact did not cause the Court to decide the issue against her. Thus, Yeomans clearly decides the issue before us in favor of the petitioner. On this *228 record, it is clear that the YSL clothes and accessories were not suitable to the lifestyle maintained by the petitioner. In our judgment, there are additional circumstances that call for a decision for the petitioners in this case. The YSL apparel worn by the petitioner while at work accomplished more than merely providing clothing for her; by wearing the apparel, she served to exhibit, to model, and in effect to advertise the merchandise sold by the boutique. Also, here we have convincing evidence as to the lifestyle of the petitioner, and it is clear that the wearing of YSL apparel outside work would be inconsistent with that lifestyle; in such a situation, the basis for allowing a deduction is far more persuasive than in a situation in which the clothes could be worn by a taxpayer outside his work, but he merely, as a matter of personal taste, does not choose to wear such clothes when not at work. Compare Drill v. Commissioner,8 T.C. at 904. In addition, although the YSL apparel might be used by some members of society for general purposes, it certainly is not the type of apparel worn by most women generally. In such respect, this case is similar to Fisher v. Commissioner,supra, *229 in which a professional musician was allowed a deduction for the cost of formal clothing that he had to wear while performing. Finally, the cost of the YSL apparel which the petitioner had to purchase for work greatly exceeded the prices that she paid for her other clothes or the prices that she would have paid if she had not been required to wear the YSL apparel. As a result, the financial burden placed on her significantly exceeded that which one might be expected to incur for work clothes. See Benson v. Commissioner,2 T.C. at 15. In view of all these circumstances, we hold that the petitioners are entitled to deduct the cost of purchasing and maintaining the YSL clothes and accessories worn by the petitioner while at work. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩